664 A.2d 616

**John H. ROBINSON and Patricia Robinson, Appellants,**

**v.**

**B.F. GOODRICH TIRE COMPANY and Montgomery Ward, Appellees.**

**John H. ROBINSON and Patricia Robinson, Appellants,**

**v.**

**B.F. GOODRICH TIRE COMPANY and Montgomery Ward, Appellees.**

Superior Court of Pennsylvania.

Argued May 25, 1995.

Filed Sept. 5, 1995.

William R. Shaffer, Butler, for appellants.

Dennis A. Watson, Pittsburgh, for appellees.

Before WIEAND, DEL SOLE and CERCONE, JJ.

WIEAND, Judge:

In this products liability action to recover damages for injuries caused by an exploding tire, the jury returned a verdict in favor of the manufacturer and retailer of the tire. On appeal, the injured plaintiff contends that it was error for the trial court to give a jury instruction that he could be found to have voluntarily assumed the risk if he failed to use available safety measures. After careful review, we agree. Therefore, we reverse and remand for a new trial.

On September 14, 1988, John H. Robinson was inflating an automobile tire for a customer of the Wiltrout Oil Co., when the sidewall of the tire blew out, striking him in the face and causing injury to his eye and ear. The tire had been one of a set of four which had been manufactured by B.F. Goodrich Tire Co. and sold by Montgomery Ward within a month prior to the accident. The owner of the tires testified that the tires had not been subjected to abnormal use prior to the explosion and that she had no knowledge of any defect therein. On the day of the explosion, however, and while one or two miles from the Wiltrout Service Station, she had heard a noise and felt the car begin to sway. Robinson contended that the tire had been defectively manufactured, for which the manufacturer and retailer were strictly liable.

The defendants denied liability. They contended that the tire had been punctured following its sale and that this had caused the explosion and not any manufacturing defect in the tire. They also contended that Robinson, an experienced tire worker, should have been aware of the risk of explosion and voluntarily assumed the risk thereof by failing to utilize available safety measures. The trial court, over objection by appellant, told the jury that although contributory negligence was not a defense to strict liability, voluntary assumption of the risk was a complete defense. The court said: "Assumption of a risk is a bar to the assuming party's claim when the party assuming the risk possessed the requisite subjective awareness of the danger and voluntarily assumed the risk by failing to utilize available safety measures." Appellant contends that this was error.

■ " 'A court's charge to the jury will be upheld if it adequately and accurately reflects the law and [is] sufficient to guide the jury in its deliberations.' " *Brill v. Systems Resources, Inc.*, 405 Pa.Super. 603, 606, 592 A.2d 1377, 1378 (1991), quoting *Commonwealth v. Person*, 345 Pa.Super. 341, 345, 498 A.2d 432, 434 (1985). However, an erroneous jury instruction may be the basis for a new trial if it is shown that the instruction was fundamentally in error and might have been responsible for the verdict. *Sedlitsky v. Pareso*, 425 Pa.Super. 327, 332, 625 A.2d 71, 74 (1993).

■ In Pennsylvania, the Supreme Court has held that a plaintiff cannot be precluded from recovery in a products liability case because of his or her own negligence. *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 100, 337 A.2d 893, 901 (1975); *Kupetz v. Deere & Co., Inc.*, 435 Pa.Super. 16, 31, 644 A.2d 1213, 1220 (1994). Therefore, contributory negligence is not a defense in a products liability action. *McCown v. International Harvester Co.*, 463 Pa. 13, 17, 342 A.2d 381, 382 (1975).

■ Voluntary assumption of the risk, however, is an affirmative defense in a products liability case. *Berkebile v. Brantly Helicopter Corp., supra; Long v. Norriton Hydraulics, Inc.*, 443 Pa.Super. 532, —— n. 3, 662 A.2d 1089, 1090 n. 3 (1995); *Kupetz v. Deere & Co., Inc., supra* 435 Pa.Super. at 31, 644 A.2d at 1220. See also: *Rutter v. Northeastern Beaver County Sch. Dist.*, 496 Pa. 590, 613, 437 A.2d 1198, 1209 (1981) (clarifying assumption of risk doctrine available in products liability cases). Before the theory may be submitted to a jury, the defendant must produce evidence that the plaintiff fully understood the specific risk, and yet voluntarily chose to encounter it. *Fish v. Gosnell*, 316 Pa.Super. 565, 577, 463 A.2d 1042, 1048 (1983). "Voluntary assumption of the risk involves a subjective awareness of the risk inherent in an activity and a willingness to accept it. A plaintiff has voluntarily assumed the risk where he fully understands it and voluntarily chooses to encounter it." *Mucowski v. Clark*, 404 Pa.Super. 197, 201, 590 A.2d 348, 350 (1991) (citation omitted).

A plaintiff's knowledge and understanding of the risk may be shown by circumstantial evidence. *Id.* at 201–202, 590 A.2d at 350.

■ It has been said that assumption of the risk and contributory negligence may sometimes overlap because certain conduct may exhibit the elements of both. *Kupetz v. Deere & Co., Inc., supra* 435 Pa.Super. at 29, 644 A.2d at 1219; *Fish v. Gosnell, supra* 316 Pa.Super. at 576–577, 463 A.2d at 1048. In general, however, the concepts are distinguishable. "Contributory negligence connotes carelessness; assumption of the risk connotes venturousness in voluntarily incurring a risk the nature and extent of which are fully appreciated." 57A Am.Jur.2d, Negligence § 815. Assumption of risk involves the meeting of a subjectively known risk; whereas, contributory negligence may involve a plaintiff exposing himself to a danger of which he was subjectively unaware but which would have been apparent had he used due care. 57A Am.Jur.2d, Negligence § 816. "Thus, the essence of the assumption of risk defense is not fault but that the plaintiff changed his position. Before the injury, he intelligently acquiesced in a known danger and abandoned his right to complain, but afterwards, seeks to assert the claim he had waived." *Fish v. Gosnell, supra* at 578, 463 A.2d at 1049. "Preliminary and deliberate conduct done with an awareness of the specific risks inherent in the activity is a proper basis for implying assumption of risk. Conduct close in time and place to the accident, on the other hand, while it may contain an element of voluntary risk-taking, does not demonstrate a deliberate abandonment of the right to complain, but rather is better judged by its reasonableness, that is, by negligence principles." *Id.*

In the instant case, the evidence did not show that appellant was subjectively aware of a specific defect in the tire. Indeed, the defendants contended at trial that there was no defect in the tire. However, if the jury were to disagree and find the tire defective, it was the defendants' additional contention that appellant, an experienced tire worker, should have been aware of the danger of explosion and should have utilized available

safety measures. If they were correct in this, however, appellant was guilty of contributory negligence; he did not knowingly and voluntarily assume the risk of a specific defect in the tire.

When the trial court instructed the jury that appellant could be found to have voluntarily assumed the risk if he failed to utilize available safety measures, the court erred. By confusing the concepts of contributory negligence and voluntary assumption of the risk, the trial court permitted the jury to deny recovery if plaintiff had been contributorily negligent. This, as we have seen, was contrary to the law in this Commonwealth and may have influenced erroneously the jury's verdict. The error, therefore, requires that a new trial be granted.

We also reverse the trial court's order compelling plaintiffs to pay the cost of transcribing the entire record. In this case, the diminished record paid for by plaintiffs, which consisted of the in-chambers colloquy prior to closing arguments and the court's jury instructions, provided an adequate record for appellate review of the issue raised. See: Pa.R.A.P. 1911.

Reversed and remanded for a new trial. Jurisdiction is not retained.