Charles A. MADONNA and Dolores
M. Wilson, Appellees,

v.

HARLEY DAVIDSON, INC., Camcar Textron, Textron Inc., Holo–Krome Co., Danaher Tool Group, Danaher Corp., Deans Harley Davidson Inc., Matt–Bri Inc., Brians Harley Davidson, Charles A. Madonna.

Appeal of Charles A. MADONNA,
Appellant (at 1702).

Charles A. MADONNA and Dolores
M. Wilson, Appellees,

v.

HARLEY DAVIDSON, INC., Camcar Textron, Textron Ind. and as a Division of Textron, Inc., Holo–Krome Company, Ind. and as a Subsidiary of Danaher Corporation; Dean's Harley Davidson, Inc., Matt Bri, Inc. Ind. & d/b/a Brian's Harley Davidson and Charles A. Madonna.

Appeal of Delores M. WILSON,
Appellant (at 1775).

Superior Court of Pennsylvania.

Argued Oct. 8, 1997.

Filed March 25, 1998.

Paul J. Drucker, Philadelphia, for Charles A. Madonna.

Jerome Gamburg, Philadelphia, for Delores M. Wilson.

Robertson B. Taylor, Bethlehem, for Harley Davidson, Inc., etc., appellees.

Before CAVANAUGH, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from judgment entered following the denial of Appellants' post-trial motions. Charles Madonna and Dolores Wilson instituted the underlying action for damages resulting from an accident that occurred that while they were riding on a motorcycle manufactured by Appellee, Harley Davidson Inc. Their claims against the defendant were based on a theory of strict liability. Restatement (Second) of Torts § 402A. Following a jury trial, a verdict, in response to a special interrogatory, was rendered finding the motorcycle defect was not a substantial factor in causing the accident. In post trial motions and again in this appeal, Appellants assert that the trial court erred when it permitted the defense to submit evidence of Appellant–Madonna's intoxication and operation of the vehicle at the time of the accident. Because we agree with the trial court that competent evidence of the driver's intoxication and vehicle operation were relevant to the question of causation, we affirm.

In this case both parties agreed that an upper mounting bolt on the brake caliper of the front wheel of the motorcycle was defective, subject to a recall and, if it broke during operation, could cause the driver to lose control. Appellants claimed, while operating the motorcycle, the defective bolt fractured, and was the sole cause of the accident. The defense offered evidence that the defective bolt was working properly at the time of the accident and the collision was solely caused by operator error. Intoxication evidence was submitted in support of this claim. Over Appellants' objections the defense offered evidence from two witnesses who smelled alcohol on the driver's breath and submitted the results of a blood alcohol test. Also, an expert pathologist testified and related the blood test results back to the time Mr. Madonna operated the vehicle. He concluded the driver's blood alcohol was .14%, and at that level he was not fit to operate the motorcycle. A defense reconstruction expert, following review of the scene and vehicle, opined that the bolt fractured as a result of the accident and the accident occurred solely due to driver error. Appellants submit the admission of this evidence improperly injected negligence principles into a strict liability case.

■ It is true that negligence concepts are not to be introduced into a strict liability case. Evidence of a user's negligence cannot be introduced to excuse a defective product, nor can negligence be used to reduce recovery by comparing fault. *Kimco Development v. Michael D's Carpet*, 536 Pa. 1, 637 A.2d 603 (1993). We have stated: "Throughout the development of strict products liability, our supreme court has been adamant that negligence concepts have no place in a strict liability action." *Childers v. Power Line Equipment Rentals*, 452 Pa.Super. 94, 681 A.2d 201(1996). This is not to say however, that plaintiff's conduct in a product's case is always irrelevant. Inquiry into the plaintiff's use of the product may be relevant as it relates to causation. *Id.* A plaintiff in a strict liability action must prove that the product was defective, and that the defect was a proximate cause of plaintiff's injury. *Walton v. Avco Corp.*, 530 Pa. 568, 610 A.2d 454 (1992), (quoting, *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975)).

In *Childers v. Power Line Equipment, supra.*, this court was asked whether the trial court erred in refusing to admit evidence of the plaintiff's conduct on the issue of causation. The plaintiff's decedent was crushed while operating a digger-derrick truck from behind after the truck jerked forward and then rolled back. The defendants unsuccessfully attempted to introduce evidence of the decedent's operation of the truck in an effort to show that it was his method of operation which was the proximate cause of the accident. Although we ultimately ruled that the evidence proffered was insufficient to establish that the decedent either voluntarily assumed the risk of a known truck defect, that he misused the truck or that he engaged in highly reckless conduct, we stated that evidence of a plaintiff's conduct is not irrelevant or inadmissible in a strict products liability case for every purpose. This court remarked that "the appellate courts of this Commonwealth have held that an inquiry as to a plaintiff's use of product is relevant as it

relates to causation." *Id.* at 207. Specifically, with regard to reckless conduct we noted:

> Evidence that a plaintiff acted in a highly reckless fashion is akin to evidence that plaintiff misused a product.... The issue of causation is raised when the plaintiff would have been injured despite the curing of any alleged defect, or is so extraordinary and unforeseeable as to constitute a superseding cause.

*Id.* at 208, (quoting *Dillinger v. Caterpillar, Inc.*, 959 F.2d 430, 441 (3rd Cir.1992)).

■ In the case before us, Appellees introduced evidence that despite the bolt defect, the accident occurred solely due to the intoxicated condition of the driver, unrelated in any way to the product. This is precisely the situation, which the court in *Childers* recognized would make admission of plaintiff's conduct relevant because it directly impacts on the issue of causation. In *Childers*, evidence of the user's conduct was not admitted because the defendants were only able to show carelessness, which conduct would not have caused the decedent's death absent defects in the truck. Here, in contrast, Appellees evidence sought to prove that the driver's reckless conduct alone caused the accident regardless of the defect in the bolt. For this reason it was properly admitted.

Evidence of a driver's intoxication has been admitted in previous product liability cases. In *Gallagher v. Ing*, 367 Pa.Super. 346, 532 A.2d 1179 (1987), the administratrix of the decedent's estate brought a wrongful death action against the manufacturer of the automobile in which he was driving when killed. It was alleged that the Porsche automobile had been defectively designed. The manufacturer denied there was a design defect and defended by presenting evidence that the decedent had lost control of the vehicle because he was intoxicated. The plaintiff contested the admission of this evidence and on appeal this court held that it was properly admitted. We stated the evidence was "sufficient, if believed, to show that the decedent was so intoxicated that he was incapable of driving safely and that this was the legal cause for his loss of control of the vehicle which he was driving." *Id.* at 1181.

Similarly in *Surowiec v. General Motors Corp.*, 448 Pa.Super. 510, 672 A.2d 333 (1996), the plaintiffs brought a strict liability claim alleging that their vehicle malfunctioned while the driver was backing into a parking space. This court held that expert testimony of the driver's intoxication, corroborated by other evidence was admissible "to establish the intoxication of the driver to a degree that his intoxication was the cause of the accident." *Id.* at 336.

The actions of the driver were also found to be relevant and admissible in *Bascelli v. Randy, Inc.*, 339 Pa.Super. 254, 488 A.2d 1110 (1985). In *Bascelli*, the plaintiff alleged that the left screw cap in the handlebar assembly of his motorcycle was defective. He sought to show at trial that the disengagement of the screw had impaired his ability to steer the motorcycle which caused it to veer and ultimately crash. The defense sought to have introduced the plaintiff's admission "'nothing [had] really happened to the front end' ... and that the front end had begun to wobble and the bike had gone down he was travelling at approximately 100 miles per hour." *Id.* at 1113. The trial court refused to admit this evidence noting it tended to show contributory negligence which was irrelevant in a product liability case. This court on appeal disagreed. We held that the driver's admission that the front-end assembly did not fail and that he lost control of the cycle while traveling at 100 miles per hour was relevant to show the cause of the accident.

■ As these cases demonstrate, a user's negligence is not relevant if the product defect contributed in any way to the harm. However, where the defense offers evidence to establish that the accident was *solely* the result of the user's conduct, and not related in any way with a product defect, it is relevant and admissible for the purpose of proving causation. In this case the evidence was offered to prove that the driver's conduct was the sole cause of the accident. Since the evidence was relevant and probative of the fact at issue, its introduction was proper.

Because evidence of the driver's conduct was offered to negate the theory that the defect caused the accident, and to establish that the driver's reckless conduct was its sole cause, we affirm.

Judgment affirmed.