Michael **CHARLTON**, Appellant,

v.

**TOYOTA INDUSTRIAL EQUIPMENT, Ransome Lift and Ransome Lift Equipment Co.**, Appellees.

Superior Court of Pennsylvania.

Argued April 1, 1998.
Filed July 14, 1998.

Ralph D. Samuel, Philadelphia, for appellant.

Marc B. Zingarini, Philadelphia, for Ransome Lift, appellee.

Before DEL SOLE, JOYCE and HOFFMAN *, JJ.

JOYCE, Judge:

This is an appeal from the order of the trial court denying Appellant's post-trial motions, as made final by the entry of judgment in favor of Appellant in this products liability action.[1] For the reasons set forth below, we reverse and remand for further proceedings. Before addressing the merits of Appellant's claims, we will briefly recount the pertinent facts giving rise to this appeal.

---

\* Judge Hoffman did not participate in the consideration or decision of this case.

1. Appellant indicates in his notice of appeal that this appeal is from the order of the trial court denying his post-trial motions. Appellant's assessment is erroneous, as an order denying post-trial motions is interlocutory and unappealable. Pa.R.A.P., Rule 301, 42 Pa.C.S.A. and note. Rather, the appeal lies from the entry of the final judgment. *Johnston the Florist v. TEDCO Construction Corp.*, 441 Pa.Super. 281, 288–290, 657 A.2d 511, 515 (1995) (*en banc*). Because a final judgment has been entered, we may properly exercise jurisdiction over this appeal.

Appellant, Michael Charlton, and his father, Edward Charlton were both employees of Crown Cork & Seal Co., Inc. (CCS). On February 11, 1991, Michael approached his father, who was operating a forklift truck, and asked him to take a break. Edward declined and indicated that he intended to continue working. Appellant, not hearing his father's response, began walking away. While Appellant's attention was focused on activities occurring in another department, Edward put the forklift truck into reverse and ran over his son's left foot. Appellant has become permanently disabled due to the excruciating pain and other symptoms that he continues to experience as a result of the accident.

In February, 1993, Appellant instituted suit against Toyota Industrial Equipment (TIE),[2] Colonial Lift Truck Inc.[3] and Appellee, Ransome Lift (RL)/Ransome Lift Equipment Co. (RLECO).[4] Recovery was sought solely on the basis of strict products liability, i.e., Appellant alleged that the forklift was defective because it contained a gas tank that obstructed the driver's rearward view and lacked rearview mirrors and/or an alarm system that was activated when the forklift was operated in reverse. A jury trial was held in 1996, following which the jury found in favor of Appellant and awarded him $100,000.00 in damages. Both parties filed post-trial motions. The trial court denied all post-trial motions and directed the entry of judgment in favor of Appellant.[5] Appellant timely appealed and presents the following issues for review: (1) whether the trial court erred or abused its discretion by permitting Appellee to introduce evidence of Appellant's and his father's negligence; (2) whether the trial court erred in granting Appellee's motion to mold the verdict with respect to its cross-claim for indemnification against TIE; and (3) whether Appellant is entitled to a new trial based on the inadequacy of the verdict. Because we find Appellant's third claim to be dispositive, we will begin our review with an analysis of this question.

■ Appellant challenges the adequacy of the jury verdict. With regard to this issue, our Supreme Court has observed that:

A jury verdict is set aside as inadequate when it appears to have been the product of passion, prejudice, partiality or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff. Where the jury's verdict is so contrary to the evidence as to shock one's sense of justice, a new trial should be awarded. It is the province of the jury to assess the worth of the testimony and to accept or reject the estimates given by the witnesses. If the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its [judgment] for [that of] the [jury]. However, where the injustice of the verdict stands forth like a beacon, a court should not hesitate to find it inadequate and order a new trial.

*Kiser v. Schulte*, 538 Pa. 219, 225–226, 648 A.2d 1, 3–4 (1994) (citations and quotation marks omitted). *Accord Mendralla v. Weaver Corp.*, 703 A.2d 480, 487 (Pa.Super.1997) (*en banc*). The synthesis of these conflicting rules is that a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense

---

**2.** The forklift in question was manufactured by Toyota Automatic Loom Works, Ltd. in Japan. The forklift was then sold to Toyota Motor Corp. (TMC) for export. TMC in turn sold the forklift to Toyota Motor Sales, USA (TMS) for distribution in the United States. TIE is a division of TMS and marketed the forklift. TMS/TIE sold the forklift to Ransome Lift Equipment Co. TIE and the related Toyota entities settled with Appellant prior to trial. Neither TIE nor the other Toyota entities are participants in this appeal.

**3.** Colonial Lift Truck Inc., a/k/a as Baker Lift of Pennsylvania, Inc., apparently had no involvement in the sale of the forklift. The parties' claims against Colonial were voluntarily discontinued prior to trial.

**4.** RLECO was a subsidiary of Giles & Ransome, Inc. (GRI) and sold the forklift truck to CCS in February, 1985. RLECO ceased doing business in December, 1987. GRI thereafter continued to sell forklifts under the name of Ransome Lift (RL), which operated as a division of GRI.

**5.** The trial court further ordered TIE to indemnify RL/RLECO on the ground that it was primarily liable as the manufacturer of the forklift.

and logic. *Neison v. Hines*, 539 Pa. 516, 521, 653 A.2d 634, 637 (1995).

In this case, the jury awarded Appellant a total of $100,000.00. However, the uncontested evidence at trial demonstrated that Appellant had lost earnings in the sum of $145,596.00 dollars and anticipated future lost earnings of between $813,015.00 and $877,335.00. N.T. 10/23/96 at 181 and 186. It was also undisputed that as a result of his injury, Appellant suffered and continues to experience excruciating pain which precludes him from securing gainful employment. N.T. 10/22/96 at 160–166, 174–175, 177–178 and 180; N.T. 10/23/96 at 147–148, 150 and 179–180. In addition, Appellant had incurred medical bills in the sum of $98,006.08. N.T. 10/23/96 at 162; N.T. 10.25/96 at 118. Appellant further anticipated continued psychotherapy treatment at a cost of $5,200.00 per year. N.T. 10.23/96 at 66. Appellee's counsel admitted in closing argument that none of Appellant's damage evidence was refuted. N.T. 10/25/96 at 145–146.

■ While the jury was free to accept or reject the above evidence, the award in this case bears no reasonable relation to the loss suffered by Appellant. The jury's award barely covers Appellant's medical expenses and did not compensate him for his other pecuniary losses or pain and suffering. Under these circumstances, we agree with Appellant that the trial court erred in denying his motion for a new trial.

The issue of causation was vigorously disputed by the parties. Moreover, at least one member of the jury disagreed with the verdict, which was rendered after the jury had deliberated for more than a day. N.T. 10/29/96 at 3. These factors, coupled with the jury's questions, suggest that the liability and damages issues were closely intertwined. It is therefore necessary to remand for a retrial on all issues. *See Kiser v. Schulte*, 538 Pa. at 233, 648 A.2d at 8 (a new trial will be limited to the issue of damages where: (1) the issue of damages is not intertwined with liability; and (2) where the issue of liability has been fairly determined or is free from doubt).

Having determined that a new trial is necessary as to liability and damages, we need not address Appellant's remaining claims. To provide guidance to the trial court and parties on remand, however, we will review Appellant's first issue in which he challenges the trial court's rulings relating to causation of the accident. "Questions [concerning] the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant." *Moran v. G. & W.H. Corson, Inc.*, 402 Pa.Super. 101, 125, 586 A.2d 416, 428 (1991) (*en banc*), *allocatur denied*, 529 Pa. 650, 602 A.2d 860 (1992) (citations and quotation marks omitted). We will consider Appellant's claim and the trial court's decision in accordance with these principles.

■ The instant case is a strict liability action. The concept of strict liability allows a plaintiff to recover where a product in a defective condition unreasonably dangerous to the consumer or user causes harm to the plaintiff. *Spino v. John S. Tilley Ladder Co.*, 548 Pa. 286, 293, 696 A.2d 1169, 1172 (1997). In a design defect case, the question is whether the product should have been designed more safely. *Id.* Pennsylvania law requires that a plaintiff prove two elements in a products liability action: (1) that the product was defective; and (2) that the defect was a substantial factor in causing the injury. *Id.*

Mindful of these concepts, the appellate courts have struggled with the issue of whether to admit or exclude evidence which bears on the element of causation. The Pennsylvania Supreme Court has declined to extend negligence concepts into the area of strict products liability and has held that comparative negligence may not be asserted as a defense in a strict products liability action. *Kimco Development Corp. v. Michael D's Carpet Outlets*, 536 Pa. 1, 7, 9, 637 A.2d 603, 606, 607 (1993). The Supreme Court nonetheless has observed that evidence which is inadmissible for one purpose may be admissible for another. *Spino*, 548 Pa. at 292, 696 A.2d at 1172. The Court has thus allowed evidence regarding the lack of

prior claims to be admitted in a design defect product liability action if it is relevant to a contested issue of causation. *Id.*, 548 Pa. at 296, 696 A.2d at 1173.

In construing and applying the above decisions, this Court has acknowledged that a plaintiff's comparative negligence is irrelevant in a strict products liability action and may not be used to reduce a strictly liable defendant's responsibility for the entire damage award. *Childers*, 452 Pa.Super. at 104–106, 681 A.2d at 207. *See also Madonna v. Harley Davidson, Inc.*, 708 A.2d 507, 508 (Pa.Super.1998) and *Foley v. Clark Equipment Co.*, 361 Pa.Super. 599, 626–628, 523 A.2d 379, 393, *allocatur denied*, 516 Pa. 614, 531 A.2d 780 and 516 Pa. 641, 533 A.2d 712 (1987) (both of which note that negligence principles are generally inadmissible in a strict products liability action). However, this Court has noted certain limited exceptions to this rule. *Childers, supra.* Specifically, this Court has permitted a defendant to introduce evidence that a plaintiff voluntarily assumed the risk or misused a product. *Childers, supra; Robinson v. B.F. Goodrich Tire Co.*, 444 Pa.Super. 640, 643–645, 664 A.2d 616, 618 (1995), *allocatur denied*, 543 Pa. 694, 670 A.2d 142 (1996). This Court has further permitted evidence of reckless conduct to be admitted where such conduct was the sole cause of the accident. *Madonna*, 708 A.2d at 509.

█ Evidence that a plaintiff engaged in highly reckless conduct also has been deemed admissible in a strict liability action. *Madonna*, 708 A.2d at 509; *Childers, supra; Foley*, 361 Pa.Super. at 626–630, 523 A.2d at 393–394; *Bascelli v. Randy, Inc.*, 339 Pa.Super. 254, 258–262, 488 A.2d 1110, 1113–1114 (1985). To demonstrate that a plaintiff's actions are highly reckless, it must be shown that he knew or had reason to know of facts which created a high degree of risk of physical harm to himself or that he deliberately proceeded to act, or failed to act, in conscious disregard of that risk. *Childers*, 452 Pa.Super. at 106–108, 681 A.2d at 208.

Evidence that a plaintiff acted in a highly reckless fashion is akin to evidence that a plaintiff misused a product. The issue of causation is raised when the plaintiff's ac-

tion is so reckless that the plaintiff would have been injured despite the curing of any alleged defect, or is so extraordinary and unforeseeable as to constitute a superceding cause.

*Madonna*, 708 A.2d at 509 (quoting *Childers*, 452 Pa.Super. at 108, 681 A.2d at 208).

█ Review of the above authorities thus demonstrates that evidence of a plaintiff's voluntary assumption of the risk, misuse of a product, or highly reckless conduct is admissible insofar as it relates to the element of causation. *Madonna, Childers, Robinson, Foley* and *Bascelli, supra.* However, evidence of a plaintiff's ordinary negligence may not be admitted in a strict products liability action, *see Kimco* and *Childers, supra*, unless it is shown that the accident was solely the result of the user's conduct and not related in any with the alleged defect in the product, *see Madonna, supra.* Application of these principles persuades us that evidence of Appellant's and his father's negligence should not have been admitted in this case.

The evidence elicited by Appellee does not suggest that Appellant or his father misused the forklift truck or that he engaged in highly reckless behavior within the meaning set forth in *Madonna* and *Childers*. Nor does it indicate that Appellant voluntarily assumed the risk of encountering a specific defect in the forklift. It instead revealed that Appellant and his father were, at most, guilty of contributory negligence in failing to pay attention to each other's exact location. N.T. 10/23/96 at 95–96, 98–99 and 227–228, 231–232.

Evidence of contributory negligence, standing alone, is insufficient to prove a voluntary assumption of the risk by Appellant. *Childers*, 452 Pa.Super. at 106–108, 681 A.2d at 208; *Robinson*, 444 Pa.Super. at 643–645, 664 A.2d at 618–619. Moreover, the facts presented here do not fall within the exception addressed in *Madonna*. In *Madonna*, the defense was able to show that the allegedly defective brake caliper mounting bolt was working properly at the time of the accident. *Madonna*, 708 A.2d at 508. The evidence thus demonstrated that the plaintiff's intoxication, rather than the product,

was the sole cause of the accident. *Id.,* 708 A.2d at 508–509.

Unlike the situation in *Madonna,* Appellee did not show that Appellant's injuries resulted solely from his and his father's careless conduct rather than the alleged defects in the forklift truck. Because evidence regarding Appellant's and his father's negligent conduct does not fall within any of the recognized exceptions, it should not have been admitted. *Kimco* and *Childers, supra. But see Foley,* 361 Pa.Super. at 628–630, 523 A.2d at 394 (holding that it was error to exclude evidence of plaintiff and forklift driver's negligent conduct).[6] Upon remand, the trial court should therefore exclude evidence relating to Appellant's or his father's ordinary negligence, unless it is shown that the evidence falls within one of the aforementioned limited exceptions.

Appellant's second allegation of error pertains to the trial court's decision to grant Appellee's post-trial motion to mold the verdict with regard to its indemnification claim against TIE.[7] In light of our decision to reverse the verdict and remand for a new trial, the judgment of indemnification must be vacated. *See Foley,* 361 Pa.Super. at 630, 523 A.2d at 395 (vacating indemnification award where verdict was vacated and the case was remanded for a new trial). We note, however, that should the outcome of the second trial be the same as the first, an award of indemnity in favor of Appellee would be appropriate. *See, e.g., Moscatiello v. Pittsburgh Contractors Equipment Co.,* 407 Pa.Super. 363, 376–378, 595 A.2d 1190, 1197 (1991), *allocatur denied,* 529 Pa. 650, 602 A.2d 860 (1992) (seller's status as a mere conduit entitles it to indemnification from the manufacturer, since the manufacturer was

primarily responsible for the defective product).

Order reversed. Remanded for further proceedings consistent with this discussion. Jurisdiction relinquished.

---

6. In reaching this result, *Foley* relied upon *Bascelli, supra,* a case involving a plaintiff's highly reckless conduct. *See Foley,* 361 Pa.Super. at 626–630, 523 A.2d at 393–394 (discussing facts in *Bascelli* ). *Foley* thus may have deemed the plaintiff and driver's conduct to be highly reckless rather than merely negligent. To the extent *Foley* stands for the proposition that a plaintiff's ordinary negligence is admissible in a strict liability action, it is inconsistent with the views expressed in *Kimco.* Where the Supreme Court has spoken on a particular subject, it is our obligation as an intermediate appellate court to follow the dictates of our Supreme Court, absent a legally relevant distinction. *Malinder v. Jenkins Elevator & Machine Co.,* 371 Pa.Super. 414, 421–423, 538 A.2d 509, 513 (1988) (*en banc* ). No such distinction exists here. Accordingly, we are bound to apply *Kimco.*

7. It appears that Appellant has standing to pursue this issue pursuant to its settlement agreement with TIE. N.T. 10/25/96 at 78; Trial Court Opinion, dated 10/15/97 at 9 n.4. We further note that this claim is not waived. The trial court and the parties determined that this issue would be resolved via post-trial motions. N.T. 10/25/96 at 75–79; N.T. 12/29/96 at 5–6. Having reviewed the trial court's and parties' discussions, Appellee did not waive this issue.