Marlon L. MYERS, Sr. An Individual and
Nelda Myers, His Wife, Appellant,

v.

TRIAD CONTROLS, INC.

v.

E.W. BLISS, CO., Appellee.
(Three Cases.)

Superior Court of Pennsylvania.

Argued May 18, 1998.
Filed Sept. 21, 1998.
Reargument Denied Nov. 24, 1998.

Thomas A. Berret, Pittsburgh, for Marlon L. & Nelda Myers.

Edward J. McGinn, Philadelphia, for Triad Controls, Inc.

Louis Anstandig, Pittsburgh, for E.W. Bliss Co.

Before DEL SOLE and JOYCE, MONTEMURO *, JJ.

DEL SOLE, Judge:

This appeal challenges the trial grant of summary judgment and dismissal of Appellants, Mr. and Mrs. Myers', complaint with prejudice. The complaint set forth claims in negligence, strict liability and breach of warranty and sought recovery for damages suffered when Mr. Myers injured his left hand while working as a punch press operator. We reverse.

The parties agree on the facts. Mr. Myers was employed as a punch press operator for a manufacturer of children's playground equipment. His employer purchased a punch press from Appellee, E.W. Bliss Company. Some time later the employer installed a safety system on the press, which it purchased from Appellee, Triad Controls Inc. The system, Triad Superlight V is referred to as a "light curtain." It is comprised of two pylon panels installed on opposite sides of an opening on the press which transmit an infrared light barrier across the opening. The light curtain stops the press from operating when the infrared beams are broken by the intrusion of an object into the area. A control panel with a red and green light is located on the right pylon. The red light illuminates when the press stops because an object has broken the circuit. The green light remains lit otherwise, but it is not an indicator that the light curtain is functional.

One day prior to the accident Myers was operating the press when he was instructed to replace a die in the press with a larger one. When the press would not operate with

* Retired Justice assigned to the Superior Court.

the larger die because it interfered with the light curtain, Myers called someone from maintenance, who intentionally disconnected the light curtain by shorting out the contacts between the light curtain and the punch press. This action made the light curtain inoperable, but the green light on the control panel remained lit. Myers completed his shift and left a note for the second shift operator to inform him that the curtain was not working. When Myers returned to work the next day he found the large die had been replaced with the original die. The light curtain was not reconnected however, and Myers was injured when he reached into the point of operation to dislodge a piece. Myers testified that he believed the safety device was operating because the green light on the curtain was lit at the time of the accident.

In considering Appellees' claims for summary judgment [1] the trial court found that Appellants were not able to establish a *prima facie* case of product defect because the light curtain was made unsafe by the changes ordered by Myers' employer. Because it was undisputed that the light curtain was working as intended prior to these changes and because it was not foreseeable that an employer would short circuit the electrical circuit, the trial court dismissed Appellants' claims.

■ On an appeal from a grant of summary judgment, a reviewing court must examine the record in a light most favorable to the nonmoving party, accepting as true all well-pleaded facts and giving that party benefit of all reasonable inferences which can be drawn from those facts. *Hoffman v. Brandywine Hospital*, 443 Pa.Super. 245, 661 A.2d 397 (1995). The Superior Court will reverse a grant of summary judgment only when the trial court has committed an error of law or abused its discretion. *Butterfield v. Giuntoli*, 448 Pa.Super. 1, 670 A.2d 646 (1995).

When presented with a claim involving strict liability we most recently reiterated:

The concept of strict liability allows a plaintiff to recover where a product in a defective condition unreasonably danger-ous to the consumer or user causes harm to the plaintiff. In a design defect case, the question is whether the product should have been designed more safely. Pennsylvania law requires that a plaintiff prove two elements in a products liability action: (1) that the product was defective; and (2) that the defect was a substantial factor in causing the injury.

*Charlton v. Toyota Industrial Equipment*, 714 A.2d 1043, 1046 (Pa.Super.1998) (citations omitted).

■ In this case the trial court found that Appellants were unable to establish that the product was defective. The court focused on the fact that the light curtain was intentionally made inoperable by the maintenance staff. It correctly noted that under Pennsylvania law a manufacturer is entitled to summary judgment when a seller's safe product is made unsafe by subsequent changes. And, where a substantial change has been made to the product by another, the question becomes whether the manufacturer could have reasonably expected or foreseen such an alteration. Trial court opinion at 3, citing *Davis v. Berwind*, 547 Pa. 260, 690 A.2d 186 (1997). The trial court found that a substantial change was made to this product and this action could not have been foreseen by the manufacturer.

In *Davis v. Berwind, supra,* an employee at a meat company injured her hand while using a blender which was sold with an interlocking safety device and a visible warning label reading "DANGER, KEEP FINGERS OUT OF DOOR OPENINGS." The employer removed the safety device from the blender in an effort to increase production. The employee was injured after she shut off power to a blender and reached her hand inside while the blades were still rotating. The plaintiff claimed that the manufacturer was liable for failing to warn users of the propensity of the blades to rotate after power had been turned off. The court ruled that the removal of the safety device constituted a substantial change in the condition of the product as sold, which was not foreseeable and which relieved the manufacturer of liabil-

---

1. The trial court entered two separate orders on the same date, granting motions for summary judgment in favor of Triad Controls Inc. and E.W. Bliss Company.

ity. It further held the warning gave clear instructions to keep fingers out of the door opening and that it addressed the danger and was sufficient to caution the operator.

The trial court's reliance on *Davis* was misplaced. Admittedly the two cases appear similar because each involves the removal of a safety device from a product which would otherwise operate to prevent injury. However in *Davis* there was a clear warning posted, and there was no claim of any defect in the guard itself. In this case it is the absence of a warning and the creation of a false sense of security in the design of the safety curtain which Appellants claim are the defects in the product.

Appellants contend that the light curtain employed a green light/red light indicator system which remained lit even when the guard was not operational. They argue that because there was no visible means for a user to determine if the safety feature was working and no warning that it may not be operating to stop the press if a foreign item is inserted into the light curtain field, the safety device was defective. Thus, Appellants maintain that the trial court wrongly focused on the wiring change made by the employer when their defective design claim concerns a particular feature on the product not involved with the wiring change.

Appellants argue their position is supported by the affidavit of Richard M. Jacobs, a professional engineer. The engineer found the green and red indicator light system was defectively designed because it fed false information to a user concerning whether the safety system was operational. He found that a signal should have been included in the design to inform the operator that the safety feature was working, rather than simply indicating that the system was receiving power. He opined: "because the equipment design is such that the indicator system merely indicates that the *power* to the safety guard is on, as was the case in this instance, it fails in its purpose and confuses the user as to its safety." Affidavit of Richard M. Jacobs at 5. Mr. Jacobs also indicated that an

alternative design, whereby a system would show whether the light curtain is on and working, would be feasible and readily available.

Based upon the facts of this case and the opinion of Appellants' expert, we conclude an award of summary judgment was inappropriate in this matter and the case should proceed before a jury. A guard provides a worker with a sense of safety and security. Where, absent any warnings, a guard system can be disabled and yet continue to emit a green light, and where no viable method is included for a user to determine if it is performing its safety function, the jury should be free to consider whether it has been defectively designed.

In *Burch v. Sears, Roebuck & Co.*, 320 Pa.Super. 444, 467 A.2d 615 (1983) the manufacturer and seller of a lawn mower argued that substantial changes were made to the mower, thus relieving them of liability. This court rejected that contention under the circumstances of the case and stated:

> Here, however, appellee asserts not an unexplained malfunction but a specific design defect – the lack of a dead man's switch as a safeguard against inadvertent restarting. None of the changes argued by appellants affected that design.

*Id.* 467 A.2d at 620.

Similarly in this case, Appellants allege a specific defect in the design of the safety device. Although rewiring caused the safety device to become inoperable, the fact that a user was unable to tell it became inoperable and was led to believe it was still operational by the glowing green light, forms the basis for Appellants' products liability claim. Because Appellants make such a specific design defect claim, it is unnecessary on these facts to determine whether the employer's act of rewiring was foreseeable.

Accordingly the trial court grant of summary judgment in favor of both Triad Controls, Inc. and E.W. Bliss Company, dismissing Appellants' complaint, is reversed.[2] Case

**2.** Triad Controls, Inc. has filed a separate appeal asking that in the event this court does not affirm the order of summary judgment entered in its

favor, then the trial court's order entering summary judgment in favor of additional defendant E.W. Bliss Company should also be reversed.

remanded for further proceedings.  Jurisdiction relinquished.

We agree that Triad Controls, Inc.'s claims of contribution and indemnity must also be reconsidered in view of our disposition of this matter.