472 A.2d 191

**Flora BERRY, Administratrix of the Estate of James Berry, Deceased, Appellant,**

v.

**J.R. FRIDAY, a/k/a John R. Friday.**

Superior Court of Pennsylvania.

Argued March 18, 1981.

Filed Jan. 13, 1984.

Reargument Denied March 27, 1984.

500

Kenneth Behrend, Pittsburgh, for appellant.

Ronald H. Heck, Pittsburgh, for appellee.

Before PRICE, BROSKY and MONTEMURO, JJ.*

\* Price, J., did not participate in the consideration or decision of this case.

BROSKY, Judge:

In an action to recover damages for the alleged negligence of Dr. Friday, appellee, in treating James Berry, the late husband of the appellant, the Court of Common Pleas on July 24, 1980 entered judgment on the verdict for Dr. Friday. A new trial was denied by order of the court on April 9, 1980. Mrs. Berry appeals from the judgment raising one allegation of error.

Appellant's husband, James Berry was feeling ill and checked into a hospital on June 8, 1975 complaining of a severe pain in his chest, nausea and a shortness of breath. He was placed under the care of Dr. Friday, and Mr. Berry was found to have several problems including congestive heart failure, bronchial asthma, diabetes and emphysema. He was treated for asthma and the fluid was reduced in his lungs and heart. On June 15, 1975, Mr. Berry was discharged from the hospital by Dr. Friday, who advised him that since he had a heart condition, he should refrain from smoking and drinking alcohol and should attempt to lose weight. At the time Mr. Berry weighed approximately 275 pounds and smoked between two and three packs of cigarettes a day. Dr. Friday also informed Mr. Berry that he could return to work on June 23, 1975 and that he should begin consultation with another doctor.

Mr. Berry returned to work on June 23, 1975 and suffered a crippling heart attack that same day. Mr. Berry never returned to work and died in March of 1978 from another heart attack. He was found in a wrecked motor vehicle with a high level of alcohol in his blood. This malpractice action was begun by Mr. Berry before he died and a videotaped deposition of his testimony was used at trial. Two theories of negligence were raised at trial, the first being simply that Dr. Friday's treatment was not proper. The second allegation concerned the fact that Dr. Friday permitted Mr. Berry to return to work shortly after his hospital stay without inquiring into the nature of his

employment. Dr. Friday was aware that Mr. Berry was a cement truck driver but failed to inquire about his duties which required the lifting of very heavy materials into the truck.

Besides Mr. Berry's videotaped deposition, appellants offered the testimony of two expert witnesses, as well as that of his estranged wife and sister. Dr. Friday testified on his own behalf and also provided expert witnesses. At the end of the testimony, the Honorable Ralph Smith, Jr. charged the jury and specific objections were made by the appellant's attorney. One of these objections concerned the judge's remarks on the possible contributory negligence of Mr. Berry. The jury returned a verdict for the appellee and appellant challenges this verdict on the basis of the allegedly improper jury charge.

Essentially, appellant raises two separate theories as to the alleged impropriety of the charge. The first argument concerns the ability of the trial judge to make the charge without any request from the appellee and the second argument concerns whether there was evidence to support such a charge.

> Where the accuracy of a charge is in issue, an appellate court must look to the charge in its entirety against the background of evidence in order to determine whether or not error was committed and whether that error was prejudicial to the complaining party.

*Slavish v. Ratajczak,* 277 Pa.Superior Ct. 272, 419 A.2d 767 (1980). See also *Smith v. Chardak,* 291 Pa.Super. 173, 175, 435 A.2d 624 (1981) and *Buchecker v. Reading,* 271 Pa.Superior Ct. 35, 53, 412 A.2d 147, 156 (1979). "It is basic to a fair trial that the issues be clearly defined for a jury's intelligent understanding and that in determining if prejudicial error is present, the entire charge must be considered and its general effect noted." *Smith v. Clark,* 411 Pa. 142, 147, 190 A.2d 441 (1963).

Keeping these general principles in mind, we first turn to the issue of whether it was proper for the trial judge to include contributory negligence in his charge without having been requested to do so by appellee.

One of the primary duties of a trial judge is to clarify the issues so that the jury may understand the questions to be resolved. *Smith v. Clark, supra.* A trial judge is charged with the responsibility of defining all pertinent questions of law. All issues which are relevant to the pleadings and proof may become the subject of a jury instruction.[1] "Although a certain burden rests on the litigants to submit written points for charge to the court requesting instructions on their theories of the case, it is the duty of the trial judge fully to instruct the jury as to the law applicable to the facts even in the absence of a request by the parties." *Perigo v. Deegan,* 288 Pa.Superior Ct. 93, 98, 431 A.2d 303, 306 (1981). While we recognize that a trial judge should not take on the responsibilities of an advocate and introduce theories not raised by the parties, *Hrivnak v. Perrone,* 472 Pa. 348, 372 A.2d 730 (1977), in certain instances it is correct for the court to charge on questions of law not specifically requested by the parties. *Rosato v. Nationwide Insurance Co.,* 263 Pa.Superior Ct. 340, 397 A.2d 1238 (1979).[2]

In this particular case, appellees introduced evidence from which contributory negligence could possibly be inferred. Mr. Berry, as an overweight smoker and drinker, could have caused his own condition. Thus, instantly, the appellee's evidence and arguments were consistent with the judge's charge itself. The trial judge was not acting as an

1. *See e.g., Heymann v. Electric Service Manufacturing Co.,* 412 Pa. 338, 194 A.2d 429 (1963); *Hronis v. Wissinger,* 412 Pa. 434, 194 A.2d 885 (1963); *Perigo v. Deegan,* 288 Pa.Superior Ct. 93, 431 A.2d 303 (1981).

2. We distinguish *Hrivnak, supra,* on the same grounds that we did in *Rosato, supra,* i.e., that the *Hrivnak* issue concerned whether the court could sua sponte charge on a theory steadfastly resisted by the plaintiff throughout the trial.

advocate but merely fulfilling his function of clarifying all the legal questions for the jury.

■ Turning to appellant's second argument, i.e., whether the charge was in fact warranted by the evidence, we face a more difficult problem. A look at the entire charge is necessary in order to fully analyze the implications. The charge itself covers forty pages of transcript. Three paragraphs of this lengthy charge concern contributory negligence. Because of the complexity of the case, the trial judge took great pains to discuss each aspect of the law. After completing the part of the charge dealing with the Mr. Berry's case, the trial judge stated generally the law of contributory negligence. Following a discussion of Dr. Friday's allegations, the trial court went on to repeat the law on contributory negligence, this time tying in the law with its possible application to the facts, specifically mentioning Mr. Berry's weight and smoking problems.[3]

■ Appellant objected to this portion of the charge at trial on the basis that the facts did not allow for an inference of contributory negligence. While we agree that the evidence in the case does not strongly favor a finding of contributory negligence, we cannot ignore the slim possibility. As stated by our Supreme Court, "where there is *any* evidence which alone would justify an inference of the disputed fact, it must go to the jury, no matter how strong or persuasive may be the countervailing proof." *Heffernan v. Rosser,* 419 Pa. 550, 554–555, 215 A.2d 655, 657 (1966).[4]

Thus we affirm the judgment on the verdict.

---

**3.** The trial judge also inadvertently substituted Mr. Berry's name in place of that of Dr. Friday. This minor slip is not mentioned by appellant who apparently realizes that the mistake was harmless and unintentional.

**4.** *See Yandrich v. Radic,* 291 Pa.Superior Ct. 75, 435 A.2d 226 (1981) in which we stated that: "It is well established, however, that a party's negligence must be submitted to the jury unless there is no evidence from which an affirmative finding could be made without resort to speculation." *Supra,* 291 Pa.Superior Ct. 75, at 78, 435 A.2d 226, at 228. *See also Hanlon v. Sorenson,* 289 Pa.Superior Ct. 268, 433 A.2d 60 (1981), 257 Pa.Superior Ct. 66, 390 A.2d 249 (1978).