491 A.2d 835

Arthur BUCCHIANERI, As Executor Of The Estate of
Eleanor Bucchianeri, Deceased,

v.

EQUITABLE GAS COMPANY, Appellant,

v.

GANNETT-FLEMMING CORDRY AND CARPENTER, INC.,
Bernard Bucchianeri, Renda Construction Company,
Carroll Township Sewage Authority and Arthur Bucchianeri.

Arturo BUCCHIANERI

v.

EQUITABLE GAS COMPANY, Appellant,

v.

GANNETT-FLEMMING CORDRY AND CARPENTER, INC.,
Western Pennsylvania Water Company, Bernard Bucchianeri,
Renda Construction Company, and Carroll Township Sewage
Authority.

Superior Court of Pennsylvania.

Argued Aug. 29, 1984.

Filed March 1, 1985.

Reargument Denied May 14, 1985.

322

William R. Tighe, Jr., Pittsburgh, for appellant.

George, Retos, Jr., Washington, for Arthur Bucchianeri, appellee.

Before ROWLEY, JOHNSON and HESTER, JJ.

PER CURIAM:

This consolidated appeal is from judgments of the Court of Common Pleas of Washington County entered January 11, 1983. The underlying basis for the cause of action was a natural gas explosion which occurred in Carroll Township, Washington County on March 13, 1977. Eleanor Bucchianeri died as a result of the explosion. Her brother-in-law, Arturo Bucchianeri, was injured and his home destroyed.

Both Arturo Bucchianeri and Arthur Bucchianeri, executor of the estate of Eleanor Bucchianeri, filed actions against appellant, Equitable Gas. In each action, appellant then joined as additional defendants-appellees Gannett-Flemming Cordry and Carpenter, Inc., (hereinafter Gannett-Flemming), Bernard Bucchianeri, and Renda Construction

Company (hereinafter Renda). Following a jury trial, appellant was found to be 90% negligent. The Estate of Arturo Bucchianeri was found to be 10% negligent.[1] Verdicts were rendered in favor of Gannett-Flemming and Renda and the other additional-defendant appellees. The court had directed that a verdict be entered on behalf of Bernard Bucchianeri. Damages were assessed by a jury in the Arturo Bucchianeri case in the amount of $130,000.00 and in the case of Eleanor Bucchianeri in the amount of $73,000.00.

Appellant filed post-verdict motions, alleging various trial errors as a basis for a new trial. Said motions were denied, and judgments entered on the verdicts. Appellant thereafter perfected this appeal.

Appellant avers that the trial court committed six errors, and that the verdicts were excessive. Although we will address all the alleged errors, we find the first two assignments of error are crucial and prove to be dispositive. We reverse and remand for a new trial.

Initially, appellant contends that the trial court erroneously permitted appellees' witness, Carl Natale, who was ruled to be not qualified as an expert, to testify as to his expert opinion. Mr. Natale examined the scene following the explosion and conducted detailed interviews, tests, and measurements. He inspected the interior and exterior of the premises and reviewed numerous photographs of the scene which were taken immediately after the explosion. The trial judge informed appellees' counsel that he could ask Mr. Natale to state any physical facts helpful to him. However, the court cautioned counsel not to ask for "an opinion, or a conclusion, or a theory, or a concept." The judge observed, "[Mr. Natale] has taken pictures; he has measured; he's drawn a diagram; he's done adjuster's work. I'm not going to make him an expert out of these mere obvious conclusions, like there was an explosion and the explosion was in the cellar."

Testimony was later elicited from this witness as follows:

---

**1.** Arturo Bucchianeri had died from unrelated causes during the pendency of this case.

Q. Based on your observations that you've just told us about Mr. Natale; the 3″ line, the impression where it was; the terra cotta line; the sewer line; the drain; where you estimate the explosion, the area where the explosion took place from your observations of where the wall was blown out in the circle here on the diagram; based on all these observations, how did the gas that caused the explosion get into that home?

MR. TIGHE: Objection, Your Honor.

THE COURT: What is the objection?

MR. TIGHE: I don't believe the witness has been qualified to give an opinion as to an expert question, as to an expert opinion. There is no proper foundation factually for any such opinion. Secondly, the opinion which we were furnished in a report pursuant to Court Order, by which the Plaintiff is bound, is not supported by any evidence.

THE COURT: I don't conceive that the answer he's seeking at this moment is an opinion. If I understand the situation correctly, he is necessarily going to have to contend that there is only one way this could have happened; otherwise it could not come in as factual testimony. He is testifying at this moment as a factual witness from these observations that there is only one way this could have happened. I think that is for cross-examination and the truth or falsehood of what he says is a jury question. With that explanation, I'm going to overrule the objection, again, making it clear for the record that I am not treating this man as an opinion but a factual witness. Proceed Sir.

(Question read back by Court Reporter).

A. Based on my observations at the scene, I determined the explosion was caused by natural gas that entered the structure through a serious leak at the 3″ coupling; found its way through the terra cotta drain line that extends directly to the furnace room where the center of the explosion was occurred.

THE COURT: Is the necessary import of what you said that from what you saw that is the only way that could have happened?

A. Based on my observations that's the only way the gas would have entered the structure in sufficient quantity to cause the explosion.

It is axiomatic that questions concerning the admission or exclusion of evidence are within the sound discretion of the lower court and will be reversed on appeal only where a clear abuse of discretion exists. *Camp Construction Corp. v. Lumber Products Co.*, 311 Pa.Super. 381, 457 A.2d 937 (1983). "To justify a reversal because of a ruling on evidence, the ruling must not only be technically erroneous, but it must also be harmful to the appellant." *Furey v. Thomas Jefferson University Hospital*, 325 Pa.Super. 212, 219, 472 A.2d 1083, 1087 (1984). When improperly admitted testimony may have affected a verdict, the only correct remedy is the grant of a new trial. *Mapp v. Dube*, 330 Pa.Super. 284, 288–289, 479 A.2d 553, 555 (1984).

We find the challenged testimony to have been improperly admitted and clearly prejudicial to appellant's case. The theory advanced by appellees at trial was that the cause of the explosion was a leak emanating from a break in appellant's main line in the street near the front of Arturo's home. Appellant asserted that the source of the natural gas was a hole in an improperly maintained house line under the control of Arturo Bucchianeri. The witness in question testified that he believed a severe leak existed at the 3″ main line controlled by appellant. Natale admitted that the portion of the main line which coupled with Arturo Bucchianeri's house line had been removed before he examined the scene of the explosion.

The trial court properly refused to qualify Natale as an expert for purposes of expressing an opinion, and sought to limit his testimony to that of a fact witness. Concededly, "the division whether testimony constitutes fact or opinion may be difficult, for 'there is no litmus test for fact versus opinion.'" *Commonwealth ex rel. B. v. B.*, 295 Pa.Super. 1, 10, 440 A.2d 1192, 1197 (1982), quoting

*Strausser v. Strunk,* 222 Pa.Super. 537, 544, 295 A.2d 168, 173 (1972). However, in the case at bar, the testimony elicited was not based upon the witness's own perceptions or observations of the critical pipe. The sole purpose of the objectionable question was to draw inferences from the facts and present a conclusion to the jury as to what caused the explosion. We hold that the witness's testimony constituted expert opinion testimony and was improperly admitted. We further hold that this ruling warrants reversal because of the highly prejudicial nature of the witness's pronouncement and the likelihood that it affected the verdict.

Appellant next alleges that the trial court erred in refusing to charge the jury with respect to any theory of liability of additional defendants Gannett-Flemming and Renda, and in refusing to admit the Gannett-Flemming contract.

Several months prior to the explosion, a sewer excavation project was underway on the street in front of the Bucchianeri residence. Renda Construction Company was the contractor, and Gannett-Flemming was the engineer. During the trial, these parties executed a joint tort-feasor release settlement with the Bucchianeris.

Evidence at trial indicated that Gannett-Flemming and Renda may have disturbed the pipes in the area where the leak occurred during the course of their construction. Consequently, appellant submitted points for charge on theories of liability with respect to these appellees.

The trial judge made only one reference to them in his recitation of the facts:

Apparently if Vignoli is to believed, the contractors, Renda and Gannett-Flemming Cordry and Carpenter had been working around there for six to eight weeks. I assume that the argument against them is that they broke [the pipe] when they were working there ...

Other than that, the lower court concentrated on the gas company and homeowner as it explored the various theories of liability relative to each.

A jury charge must be reviewed in its entirety in order to determine whether error was committed. *Antonace v. Ferri Contracting Co.,* 320 Pa.Super. 519, 467 A.2d 833 (1983). An appellate court must analyze the charge against the background of evidence adduced at trial to consider whether the issues have been clearly defined and to note the general effect of the charge. *Berry v. Friday,* 324 Pa.Super. 499, 503, 472 A.2d 191, 193 (1984), quoting *Smith v. Clark,* 411 Pa. 142, 147, 190 A.2d 441 (1963). The trial judge is ultimately responsible for defining all pertinent questions of law, and all issues which are relevant to pleadings and proof may become the subject of jury instructions. *Berry v. Friday,* supra.

Having reviewed the charge in full, we agree with appellant that the court failed to explore the theories of liability pertaining to Gannett-Flemming and Renda. His reference to them as recited above and a later reference when explaining the verdict slip to the jury were insufficient to clarify to the jury that these parties were serious defendants whose liability was to be weighed in reaching a fair and just verdict. This court does not mean to imply that the contractors should have been found liable. Rather, a fair reading of the charge leads us to believe that the trial judge failed to fully explain the issues involving these parties. Although the trial judge is not bound to employ the specific wording in appellant's points for charge, he must instruct the jury, in any language he chooses, on all pertinent and relevant issues.

Appellant's argument that the trial court erred in refusing to submit provisions of the Gannett-Flemming contract to the jury must fail. We agree with appellees that no appropriate foundation was laid for the admission of that documentary evidence. Hence, no error was committed by the lower court in that regard.

Appellant alleges further error with respect to the charge wherein the trial judge cited various examples from

prior caselaw in an attempt to clarify some issues. We find no error here. The examples chosen were uncomplicated and relevant to the jury's understanding of the issues. Assuming arguendo that the examples cited were irrelevant, we have held that "the court does not commit reversible error in giving irrelevant instructions of minor importance which are unsupported by the evidence." *Junk v. East End Fire Dept.*, 262 Pa.Super. 473, 489, 396 A.2d 1269, 1277 (1978).

We find appellant's issue concerning appellees' rebuttal witness to be devoid of merit.

Appellant's fifth allegation of error is that the verdicts were excessive. In light of our decision to remand for a new trial, this issue is rendered moot.

Finally, appellant avers that the trial court erred in dismissing the actions as to Bernard Bucchianeri, a relative of appellees who testified that, on the day of the explosion, he smelled gas in Arturo's home, but failed to call the gas company.

On a motion for a directed verdict, the trial court must accept as true all facts and inferences tending to support the contentions of the party against whom the motion has been made, rejecting all testimony and references to the contrary. *Thomas v. Allegheny & Eastern Coal Co.*, 309 Pa.Super. 333, 339, 455 A.2d 637, 639 (1982). In reviewing the grant or denial of a motion for a directed verdict, we must determine if "an abuse of discretion or error of law which controlled the outcome of the case occurred." *McDevitt v. Terminal Warehouse Co.*, 304 Pa.Super. 438, 442, 450 A.2d 991, 993 (1982). If so, only then will we reverse. *Timbrook v. Foremost Ins. Co.*, 324 Pa.Super. 384, 471 A.2d 891 (1984).

Herein, there was no basis to sustain allegations of negligence against Bernard Bucchianeri. His mere presence at the scene of the explosion did not impose a legal duty on him to take appropriate steps to avoid the disaster. Without a legal duty, he could not be found responsible for the subsequent damages and injuries sustained by his rela-

tives. An abuse of discretion or error of law was clearly absent in this ruling. Hence, we will not disturb it on appeal.

Judgment as to all parties except Bernard Bucchianeri vacated, and case remanded for a new trial and proceedings not inconsistent with the dictates of this opinion. Jurisdiction is relinquished.