Sotero JARA and Alicia Jara,
His Wife, Appellees,

v.

REXWORKS INC., Appellant.

Superior Court of Pennsylvania.

Argued Dec. 9, 1997.

Filed Aug. 12, 1998.

Brian W. Ashbaugh, Pittsburgh, for appellant.

Robert C. Eddins, Bethel Park, for appellees.

Before DEL SOLE and FORD ELLIOTT, JJ., and CERCONE, President Judge Emeritus.

DEL SOLE, Judge:

Rexworks, Inc. appeals from the judgment entered in favor of Appellees granting a new trial limited to damages. We affirm.

Appellees filed suit seeking compensation for personal injuries sustained after Mr. Jara, in the course of his employment, fell from a conveyor belt manufactured by Appellant. He was a construction laborer employed by Beaver Valley Builders Supply at the company's concrete batch plant located at the Pittsburgh International Airport. His duties included cleaning and preventative maintenance on the conveyor belt. Prior to performing maintenance on the conveyor, Mr. Jara would notify the plant manager to turn off the power for the conveyor at the main disconnect switch located in a control trailer. Occasionally, before climbing the conveyor belt, Mr. Jara would test that the power was off by pushing the start button at the base of the conveyor.

On October 25, 1991, Mr. Jara stopped at the control trailer and spoke to the plant manager. Whether Mr. Jara informed the plant manager that he would be performing maintenance on the conveyor is disputed. Regardless, the main power was not turned off. While Mr. Jara was climbing the conveyor and upon nearing the top, a co-worker pushed the start button at the base of the conveyor, causing the conveyor to throw Mr. Jara to the ground.

While Appellees' complaint included both negligence and strict liability counts, at trial only the strict liability claims were pursued. The complaint alleged the conveyor belt system was defective because it: lacked a catwalk to allow access without walking on the conveyor belt; lacked platforms from which to perform maintenance; lacked a lockout on the on/off switch; lacked remote off switches along the conveyor belt; and lacked an alarm and delay system that would activate when the machine was turned on and delay the start of the conveyor belt. The jury reached a verdict in the form of answers to interrogatories. Although the jury determined (1) the conveyor was defective when it left the hands of Appellant, (2) the defective condition was a substantial factor in causing harm to Mr. Jara, and (3) Mr. Jara did not assume the

risk of harm, they found there was a superseding cause of the harm to Mr. Jara. The verdict was molded by the trial court in favor of Appellant. Appellees filed post-trial motions. After the filing of briefs and oral argument, Appellees were awarded a new trial on damages only. This appeal followed. We affirm.

Preliminarily, we must address the timeliness of this appeal. On November 26, 1996, the trial court issued an opinion and order of court granting Appellees' request for post-trial relief and awarding a new trial on the issue of damages only. Copies of the opinion and order were faxed from the judge to the parties on that day. The docketing statement in the certified record indicates on November 27, 1996, the trial court filed with the Allegheny County Prothonotary the opinion and order of court dated November 26, 1996.

However, in docketing the order the prothonotary failed to note that the judge sent a copy of the opinion and order to the parties. It was not until December 9, 1996, that a notation appears on the docket that notice was sent. A notice of appeal was filed January 3, 1997, more than 30 days after the entry of the November 27, 1996, award of a new trial but within 30 days of entry on the docket of notice to the parties.

Pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(6), an order awarding a new trial is appealable. Although, Pa.R.A.P. 301(a) states:

No order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court...

Pa.R.A.P. 108(b) provides:

The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P 236(b).

Pa.R.C.P. 236 requires:

(a) The prothonotary shall immediately give written notice by ordinary mail of the entry of

(1) ...

(2) Any other order, decree or judgment to each party's attorney of

record or, if unrepresented, to each party. The notice shall include a copy of the order, decree or judgment.

(b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

■ This issue is complicated by the practice in Allegheny County in accordance with Administrative Order No. 126 (June 24, 1993) which relieves the prothonotary of the responsibility of sending to litigants a copy of an order of court which has been delivered by a judge or the court directly to the litigants. However, this administrative order does not, nor could any local rule, excuse the prothonotary of the duty to note on the docket the date that notice was mailed.

■ The time for filing an appeal does not begin to run until (1) the order has been entered upon the appropriate docket, and (2) a notation appears in the docket that proper notice has been given concerning the entry of the order. *Yeaple v. Yeaple*, 485 Pa. 399, 402 A.2d 1022 (1979). Therefore, the appeal period in this case did not begin to run until December 9, 1996, the date the docket reflects notice was sent to the parties. Given this appeal was filed within 30 days of that date, it is timely.

Appellant presents the following broad issues which in turn are divided into subissues: (1) whether Appellant is entitled to judgment on the jury's verdict as molded by the trial court; (2) whether Appellant is entitled to a new trial on liability; and (3) whether the trial court committed reversible error in ruling on certain evidentiary matters.

Appellant did not file a motion for post-trial relief pursuant to Pa.R.C.P. 227.1. Those matters questioning the evidentiary rulings and trial court errors were brought to the trial court's attention for the first time in Appellant's 1925(b) statement. Thus, although Appellees had requested a new trial limited to damages only, Appellant did not file a subsequent motion asking the court for the alternative relief of a new trial rather

than a new trial limited to damages. Pa. R.C.P. 227.1(c) provides in part:

> ...If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

■ The question of cautionary filing of post-trial motions in order to preserve issues on appeal under these unique circumstances has yet to be decided by an appellate court in this Commonwealth. While the Rules Committee may have intended for all parties to file post-trial motions in order to permit the trial court to consider all issues of error at the same time, we will not find waiver of the issues in this instance. Here, Appellant's counsel raised the issues in its Statement of Matters Complained of on Appeal under Pa. R.A.P.1925(b) and the trial court addressed those issues in its opinion dated June 3, 1997.[1]

■ First, Appellant argues that the trial court erred in granting judgment notwithstanding the verdict in favor of Appellees. In reviewing an order granting a motion for judgment notwithstanding the verdict, we must determine whether there was sufficient competent evidence to sustain the verdict. *Samuel Rappaport Family Partnership v. Meridian Bank*, 441 Pa.Super. 194, 657 A.2d 17 (1995). In so doing, the Superior Court must consider the evidence in the light most favorable to the verdict winner, who must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in his favor. *Wasserman v. Fifth & Reed Hospital*, 442 Pa.Super. 563, 660 A.2d 600 (1995). Judgment notwithstanding the verdict can be entered only if the movant is entitled to judgment as a matter of law or if evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. *Moure v. Raeuchle*, 529 Pa. 394, 604 A.2d 1003 (1992). We will reverse a lower court's grant or denial of a judgment notwithstanding the verdict only when we find an abuse of discre-

tion or an error of law that controlled the outcome of the case. *Jones v. Constantino*, 429 Pa.Super. 73, 631 A.2d 1289 (1993).

In granting Appellees' motion for JNOV, the trial court concluded it incorrectly introduced negligence concepts into this product liability action by charging the jury on superseding cause and by including a special interrogatory regarding superseding cause which should not have been given to the jury.

The trial court gave the following charge to the jury:

> ... although anyone's carelessness as I indicated awhile ago is not to be considered by you in strict liability cases such as this, the actions of some individuals may have been so involved in causing Mr. Jara's injuries that they supersede the causational aspect of any lack of safety devices on the conveyor belt system. It is up to the defendant to prove to you that the actions of Mr. Jara's employer, Beaver Valley Builders Supply, or the actions of his co-employees, Mr. Barlow or Mr. Cuchla, or the actions of Mr. Jara himself were a superseding cause of Mr. Jara's injuries.
>
> The Defendant must prove – in order to sustain the defense of superseding cause, the defendant must prove that the failure of Mr. Jara or Mr. Barlow to turn off or keep off the master electrical switch in the trailer or Mr. Chuchla's pushing the on button would have caused both the belt to start and Mr. Jara to be on the belt when it started even if appropriate and adequate safety devices had been supplied by the manufacturer.
>
> If you decide that defendant has proved by a preponderance of the evidence that those human actions were a substantial cause of Mr. Jara's fall and his injuries and that those actions superseded the causal effect of any lack of safety devices, then defendant would not be liable to plaintiff.
>
> However, if you find that those human actions, while obviously involved in bringing about the accident were not a substantial cause of the accident or were not a

---

1. We invite the Rules Committee to consider whether cautionary post-trial motions should be filed by a verdict winner where the opposing party has requested a new trial limited to dam-

ages in order to (1) afford the trial court the opportunity to rule upon possible trial errors while still possessing jurisdiction and (2) to preserve issues for possible appeal.

cause which superseded the lack of safety devices, the defense has not been made out, and the defendant would remain liable to the plaintiffs.

N.T. Volume 8, 1294–1296.

The special interrogatories given to the jury and their answers follow:

1. Do you find that the trailerized conveyor was defective when it left the hands of defendant Rexworks, Inc.?

> YES: 10 NO: 2

If you answered question 1 "no," your deliberations are concluded. The foreperson should sign these Special Interrogatories and you should return to the Court Room.

> If you answered question 1 "yes," was the defective condition a substantial factor in bringing about the harm to plaintiff Sotero Jara?
>
> > YES: 12 NO: 0

If you answered question 2 "no," your deliberations are concluded. The foreperson should sign these Special Interrogations and you should return to the Court Room.

If the above instruction does not apply, you should continue to question 3.

3. If you answered question 2 "yes," do you find that the plaintiff, Sotero Jara, with actual knowledge of the risk involved, assumed the risk of harm?

> YES: 0 NO: 12

If you answered question 3 "yes," your deliberations are concluded. The foreperson should sign these Special Interrogatories and you should return to the Court Room. If the above instruction does not apply, you should continue to question 4.

4. Do you find that there was a superseding cause of the harm to plaintiff Sotero Jara?

> YES: 10 NO: 2

If you answered question 4 "yes," your deliberations are concluded. The foreperson should sign these Special Interrogatories and you should return to the Court Room.

5. If you answered question 4 "no," state the amount of damages sustained by:

 a. plaintiff Sotero Jara $_____

 b. plaintiff Alicia Jara $_____

■ First, it is well-founded law in Pennsylvania that questions of negligence should not be introduced in products liability actions. Evidence of a user's negligence cannot be used to excuse a defective product, nor can negligence be used to reduce recovery by comparing fault. *Kimco Development Corp. v. Michael D's Carpet Outlets*, 536 Pa. 1, 637 A.2d 603 (1993). Here, in hindsight, the trial court concluded that it improperly charged the jury on superseding cause and incorrectly submitted interrogatory number 4 to the jury. The court admitted that in giving its charge and in submitting interrogatory number 4 to the jury it failed to give proper weight to *Kimco Development Corp. v. Michael D's Carpet Outlets*.

■ Throughout the development of strict liability jurisprudence, our Supreme Court has been adamant that negligence concepts have no place in a strict liability action. This is not to say however, that a plaintiff's conduct in a product case is always irrelevant. Inquiry into a plaintiff's use of the product may be relevant as it relates to causation. A plaintiff in a strict liability action must prove that the product was defective, and that the defect was a proximate cause of plaintiff's injury. *Madonna v. Harley Davidson, Inc.*, 708 A.2d 507 (Pa.Super.1998).

■ A user's negligent conduct is not relevant if the product defect contributed in any way to the harm. However, where the defense offers evidence to show that the accident at issue was *solely* the result of plaintiff's conduct, and not a defective product, it is relevant and admissible for proving causation. *Id.*

■ However, the circumstances in this case are different from those in *Madonna v. Harley Davidson*. There, the negligent conduct of the plaintiff was the sole cause of the accident. In this case, evidence of Mr. Jara's conduct or the conduct of a third party was offered to prove the accident was the result of a superseding cause, namely someone started the belt moving. However, that action was irrelevant to the question of product defect. Had the product not been defective,

Mr. Jara would have had warning or been provided a safe location once the belt was activated. Thus, it could not be established that the accident was solely a result of Mr. Jara's or another's conduct. Rather, as noted by the jury, the product defect was a substantial factor in contributing to Mr. Jara's injury. Under these circumstances, it was an error to submit the question of superseding cause to the jury. Consequently, the trial court correctly granted JNOV.

■ Next, Appellant raises the broad issue that it is entitled to a new trial on liability. Appellant claims the erroneous inclusion of the charge to the jury regarding superseding causes requires a new trial on liability as well as damages. The normal practice in granting a new trial is to grant it generally against all parties on all issues. Where the issues are interwoven and cannot be separated without injustice to one of the parties, the other party should not be permitted to select for retrial the issues decided against him and upon the rehearing treat those issues decided in his favor as settled. *Eck v. Powermatic Houdaille*, 364 Pa.Super. 178, 527 A.2d 1012 (1987).

■ In granting JNOV in favor of Appellees, the court concluded liability was previously determined by the jury's answers to the interrogatories, except number 4 (the superseding cause), which had been improperly submitted. As a result, only the issue of damages was not decided by the jury due to the erroneous inclusion of interrogatory number 4. The trial court held that it was the "unanimous finding of the jury, that the defect was a substantial cause of Plaintiff's harm." Supplemental Opinion, 6/3/97, p. 3. The court also reasoned:

> [s]ince the Interrogatories were to be answered in the order posed, and since the last interrogatory on liability was No. 4, regarding superseding cause, removal of that Interrogatory and its answer reveals that the jury did find Defendant liable to Plaintiff and was simply prevented by the

Court's error from awarding him money damages.

Supplemental Opinion, 6/3/97, p. 4.

If interrogatory number 4 had not been submitted, the jury would have determined the issue of damages. Consequently, the trial court properly granted a new trial limited to damages.

In addition, Appellant presents other claims in an effort to convince this court that a new trial on liability is necessary. Appellant contends the trial court failed to decide Appellees' alternative motion for a new trial as required under Pennsylvania Rule of Civil Procedure 227.1(e).[2] This issue is meritless. The trial court held that a new trial was required but was limited as to damages. The order of the trial court and corresponding opinions adequately satisfy the requirement under the rule.

■ Appellant also attempts to argue the trial court committed numerous errors in failing to instruct the jury on several requested points for charge regarding causation. As a result, it claims a deprivation of due process. However, Appellant's brief fails to develop this argument beyond this assertion and fails to cite any legal authority in support of its contention. Appellant's Brief at 30. Therefore, this issue is waived. *Estate of Lakatosh*, 441 Pa.Super. 133, 656 A.2d 1378 (1995).

■ In addition, Appellant claims a new trial on liability is necessary because the trial court erred in its instruction regarding assumption of the risk. Appellant argues that the charge did not adequately define the issue for the jury. Since we conclude that no charge on the doctrine of assumption of the risk was warranted, Appellant is not entitled to relief.

In this Commonwealth, the doctrine of assumption of the risk was first annunciated as an affirmative defense in strict liability actions in *Ferraro v. Ford Motor Co.*, 423 Pa. 324, 223 A.2d 746 (1966). From the time of

2. This section provides: "(e) If a new trial and the entry of judgment are sought in the alternative, the court shall dispose of both requests. If the court directs the entry of judgment, it shall also rule on the request for a new trial by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the request for a new trial." PaR.Civ.P 227.1.

this inception, it was required that the defendant raising this defense prove that the risk was voluntarily undertaken in addition to being known. Our supreme court stated, "After studied consideration, it appears to us that if the buyer knows of the defect and *voluntarily* and *unreasonably* proceeds to use the product or encounter a known danger, this should preclude recovery and constitute a complete defense to the action even in cases of strict liability." *Id.* 223 A.2d at 748.

Nearly all cases in this area focus on the element of the defense encompassing knowledge of the risk. Nevertheless, it is a two-step analysis and it is essential for us to review the voluntariness of the risk. The voluntary nature of assumption of the risk was noticed and further discussed by Justice (now Chief Justice) Flaherty in *Rutter v. Northeastern Beaver County School District, et al.*, 496 Pa. 590, 437 A.2d 1198 (1981), in which he confirmed that for assumption of the risk to be applied, the risk must be voluntarily assumed as well as actually known to the plaintiff. In discussing Restatement Torts 2d § 496 E, the court quoted this section of the Restatement and comment c. Particularly enlightening are the emphasized portions of comment c:

> ... **A defendant who, by his own wrong, has compelled the plaintiff to choose between two evils cannot be permitted to say that the plaintiff is barred** from recovery because he has made the choice. **Therefore, where the defendant is under a duty to the plaintiff, and his breach of duty compels the plaintiff to encounter the particular risk in order to avert other harm to himself, his acceptance of the risk is not voluntary, and he is not barred from recovery.** It is true likewise where the plaintiff is compelled to accept the risk in order to exercise a right or protect a privilege, of which the defendant has no privilege to deprive him.

*Id.* 437 A.2d at 1205

 In the case before us, Mr. Jara was required as part of his employment, to perform maintenance work on the conveyer. To suggest that Mr. Jara was required to choose between performing his duties or use the defective product would permit Appellant, by its own wrong, to deny Mr. Jara the right and privilege of his employment. Therefore, he could not **voluntarily** assume the risk as Appellant suggests. Where an employee, in doing a job, is required to use equipment as furnished by the employer, this defense is unavailable. An employee who is required to use certain equipment in the course of his employment and who uses that equipment as directed by the employer has no choice in encountering a risk inherent in that equipment. Therefore, although the trial court charged on the doctrine of assumption of the risk, it was error to do so.[3] Thus, on this point, Appellant is not entitled to a new trial on liability.

 Also, Appellant claims the trial court erred by failing to charge the jury on whether a substantial change was made to the conveyer. Appellant asserts that the evidence was uncontradicted and demonstrated a significant and substantial change to the electrical system of the conveyer after it left the manufacturer. The trial judge is ultimately responsible for defining all pertinent questions of law, and all issues that are relevant to pleadings and proof may become the subject of jury instruction. *Bucchianeri v. Equitable Gas Co.*, 341 Pa.Super. 319, 491 A.2d 835 (1985). A careful review of the transcript fails to satisfy this court that from the time the conveyer left the manufacturer until the time of the accident there was a significant or substantial change to the electrical system of the conveyer requiring an instruction to the jury on that point. Accordingly, the trial court correctly refused the requested charge on substantial change.

Appellant's final broad claim is the trial court committed reversible error in several of its evidentiary rulings. Within this issue, Appellant argues: (1) a photo was incorrectly refused admission into evidence; (2) the addition of alarm horns and related documents were improperly excluded from evidence; and (3) the trial court erred in limiting cross-

---

**3.** The conclusion we reach today negates our need to discuss the fact that Appellant has failed to introduce evidence of Mr. Jara's voluntariness in encountering the risk. This is part of Appellant's burden of proof in seeking to raise this affirmative defense.

examination of Appellees' experts relating to national standards.

■ Again, the argument portion of Appellant's brief pertaining to this issue consists of ten pages of narration including several pages of trial testimony. Appellant's Brief at 38–47. Yet, missing from the brief is any relevant legal discussion or authority in support of Appellant's argument. As we stated earlier, where an appellant fails to cite any authority in support of a contention, the claim is waived. *Bunt v. Pension Mortgage Associates, Inc.*, 446 Pa.Super. 359, 666 A.2d 1091 (1995).

■ However, having reviewed all of the issues presented by Appellant, we find it necessary to include the following discussion concerning these waived arguments. In so doing, we are mindful that competent relevant evidence having probative value is generally admissible and this court on appeal will accord a large measure of discretion to the trial court regarding its admission or exclusion. *See Engle v. West Penn Power, Co.*, 409 Pa.Super. 462, 598 A.2d 290 (1991).

■ First, the photo excluded from evidence depicts a lock-out on the main power panel for the conveyor on which the accident happened. The trial court excluded the photo DX–22F because there was no testimony to substantiate that the switch box in the photo was actually the switch box in place at the time of the accident. Consequently, the trial court aptly concluded there was no foundation for admission of the exhibit and properly excluded this evidence.

■ With respect to the admission of evidence pertaining to alarm horns, which included business records indicating that the purchaser of the conveyor ordered alarm horns and that the manufacturer designed alarm horns to be added to the conveyor, there was no evidence to establish that a horn was sent, what type of horn was sent, or whether any horn sent was actually installed. Likewise, the trial court did not abuse its discretion in preventing this evidence from reaching the jury.

Finally, as for the use of industry standards, the Pennsylvania Supreme Court has held that evidence of industry standard are inadmissible in strict products liability actions. *Lewis v. Coffing Hoist Division, Duff–Norton Co., Inc.*, 515 Pa. 334, 528 A.2d 590 (1987). Consequently, the trial court committed no abuse of discretion in determining the evidentiary issues listed.

Affirmed.

FORD ELLIOTT, J., files a concurring statement.

FORD ELLIOTT, Judge, concurring.

I join in the majority's reasoning in all respects except one. I cannot join in the portion of the majority's reasoning which would hold that:

In the case before us, Mr. Jara was required as part of his employment, to perform maintenance work on the convey[o]r. To suggest that Mr. Jara was required to choose between performing his duties or use the defective product would permit Appellant, by its own wrong, to deny Mr. Jara the right and privilege of his employment. Therefore, he could not **voluntarily** assume the risk as Appellant suggests. Where an employee, in doing a job, is required to use equipment as furnished by the employer, this defense is unavailable. An employee who is required to use certain equipment in the course of his employment and who uses that equipment as directed by the employer has no choice in encountering a risk inherent in that equipment. Therefore, although the trial court charged on the doctrine of assumption of the risk, it was error to do so.[Footnote]

[Footnote] The conclusion we reach today negates our need to discuss the fact that Appellant has failed to introduce evidence of Mr. Jara's voluntariness in encountering the risk. This is part of Appellant's burden of proof in seeking to raise this affirmative defense.

Majority opinion at 795.

My research has found no authority to support such a broad rule[1] and the parties

1. While it is true that in *Long v. Norriton Hydraulics, Inc.*, 443 Pa.Super. 532, 662 A.2d 1089

(1995), *appeal denied*, 544 Pa. 611, 674 A.2d 1074 (1996), this court posed the question wheth-

have not briefed or argued this issue. Rather, I believe the trial court properly instructed the jury on assumption of the risk, and therefore, appellant's argument that a different instruction was required must fail.

er a risk can be faced voluntarily where it is a part of the job an employee must perform, the case was not decided on this basis and no authority is otherwise cited. The court simply found that summary judgment was inappropriate because the issue of the voluntariness of the risk and the plaintiff's knowledge of the risk were for the jury.