J. A10001/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

ESTATE OF PAUL S. TERRY, JR., : IN THE SUPERIOR COURT OF
DECEASED : PENNSYLVANIA
               APPELLANT :
      v. :
                            :
CATHEDRAL VILLAGE :
                            :
                            : No. 1826 EDA 2016

Appeal from the Order Entered January 11, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): March Term, 2014, No. 820

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED MAY 23, 2017**

Appellant, the Estate of Paul S. Terry, Jr., appeals from the January 11, 2016 Order entered in the Philadelphia County Court of Common Pleas granting the Motion for Summary Judgment filed by Cathedral Village ("Appellee") and dismissing Appellant's Complaint with prejudice. After careful review, we affirm.

The trial court set forth the facts and procedural history as follows:

> On February 2, 2009, Paul S. Terry ("Decedent") was admitted to Cathedral Village as a resident of its continuing care retirement community facility located at 600 E. Cathedral Road in Philadelphia. He remained at Cathedral Village until his death on March 7, 2012. On July 30, 2014, [Appellant] filed a [C]omplaint for one count of negligence against [Appellee], alleging [that Appellee's] "negligent and careless evaluation, care, treatment, service and supervision" led to Decedent's death from sepsis.

On July 31, 2014, a case management conference was held and a Case Management Order was issued. The Order established October 5, 2015[,] as the discovery deadline. The deadline for production of expert reports was November 2, 2015. On October 15, 2015, [Appellee's] Motions to Compel Discovery and Compel Depositions were granted as unopposed.

On December 1, 2015, [Appellee] filed a Motion for Summary Judgment. On January 5, 2016, [Appellant] filed a [R]esponse to [Appellee's] Motion and included a proposed [O]rder, which requested additional time for [Appellant's] expert report.

On January 11, 2016, the [c]ourt granted [Appellee's] Motion; [Appellant's] Complaint and all claims against [Appellee] were dismissed with prejudice.

On February 12, 2016, in accordance with his proposed order, [Appellant] served [Appellee's] counsel [with Appellant's] expert medical report. Due to an administrative error, [Appellant] never received written notice of the [c]ourt's January 11, 2016 Order granting [Appellee's] Motion.

On June 3, 2016, [Appellant] filed a notice of appeal. On June 7, 2016, the [c]ourt ordered [Appellant] to provide a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). [Appellant complied.]

Trial Ct. Op., 11/17/16, at 1-2 (citations omitted, paragraph breaks inserted).

Appellant raises the following two issues on appeal:

1. Did the lower court fail to provide required notice of the January 11, 2016 Order thereby denying Appellant the opportunity to file a timely Notice of Appeal and in violation of Appellant's right of due process?

2. Did the lower court wrongfully grant [Appellee's] Motion for Summary Judgment where Appellant had provided notice to [Appellee] and the court that an expert opinion

was being tendered to support the Complaint and the existence of material disputed facts?

Appellant's Brief at 4.

In his first issue, Appellant complains that the trial court failed to provide him with notice of the Order granting Appellee's Motion for Summary Judgment, thereby preventing him from filing a timely Notice of Appeal. Appellant's Brief at 13-18.

Our law is clear that "[t]he time for filing an appeal does not begin to run until (1) the order has been entered upon the appropriate docket, **and** (2) a notation appears in the docket that proper notice has been given concerning the entry of the order." *Jara v. Rexworks Inc.*, 718 A.2d 788, 791 (Pa. Super. 1998) (emphasis added). It does not matter whether the parties had actual notice of the order nor does it matter when the parties received actual notice. *Vertical Resources, Inc. v. Bramlett*, 837 A.2d 1193, 1199 (Pa. Super. 2003). The Rule 236 notice must be provided and **docketed** before an order can be considered "entered." *See Jara*, 718 A.2d at 791 (criticizing Allegheny County practice of failing to docket Rule 236 notice).

Our Supreme Court held as follows in *Frazier v. City of Philadelphia*, 735 A.2d 113 (Pa. 1999):

> Rule of Appellate Procedure 301(a) provides that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Further, Rule of Appellate Procedure 108(b) designates the date of entry of an order, for purposes of appeal, as follows:

> (b) Civil orders. The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).
>
> Pa.R.A.P. 108(b). . . . Rule of Civil Procedure 236(b) describes the prothonotary's obligation to "note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents."
>
> Thus, pursuant to the express terms of the rules, an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given. That the parties may have received notice of the order does not alter the formal date of its entry and the associated commencement of the period allowed for appeal for purposes of the rules. The procedural requirements reflected in the rules serve to promote clarity, certainty and ease of determination, so that an appellate court will immediately know whether an appeal was perfected in a timely manner, thus eliminating the need for a case-by case factual determination.

*Id.* at 115 (citations omitted).

In the present case, the record does not indicate that the trial court sent proper notice to Appellant pursuant to Rule 236. In fact, a Rule 236 Notice of the January 11, 2016 Order does not appear on the docket as of this writing. Consistent with our holding in ***Vertical Resources***, however, we conclude that, because the Rule 236 Notice has not been sent, the appeal period has not yet been triggered in this case. In the interest of judicial economy, we regard as done that which ought to have been done and proceed accordingly. ***See Vertical Resources***, 837 A.2d at 1199

(explaining that it is a waste of judicial resources to remand a matter for the sole purpose of requiring that Rule 236 notice be provided to perfect a notice of appeal). As required by **Vertical Resources**, we deem the present appeal to have been timely filed from the trial court's order of January 11, 2016.

In his second issue, Appellant claims the trial court erred in granting Appellee's Motion for Summary Judgment because issues of material fact remain and Appellant had requested an extension of time to submit an expert opinion in support of his Complaint. Appellant's Brief at 18-29. Appellant further claims that the trial court erred in not granting the requested extension until February 12, 2016.[1] **Id.** at 18-19.

Pa.R.C.P. No. 1035.2 provides that a party may move for summary judgment, after the relevant pleadings are closed, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery or an expert report. **See** Pa.R.C.P. No. 1035.2(1)-(2).

Our standard of review of an Order granting summary judgment is well-settled.

> . . . [A]n appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no

---

[1] Appellant does not develop this specific sub-claim separately; thus, we will not address it except to the extent that it impacts our review of the Order granting summary judgment.

genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citations and quotation omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id*. (citation and quotation omitted); *see also* Pa.R.C.P. No. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." *Summers*, *supra* at 1159 (citation omitted). "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." *Id*. (citation and internal quotation marks omitted).

For purposes of deciding a Motion for Summary Judgment, the record includes the pleadings, depositions, answers to interrogatories, admissions, and affidavits. *Bailets v. Pennsylvania Tpk. Comm'n*, 123 A.3d 300, 301 (Pa. 2015) (citing Pa.R.C.P. No. 1035.1(1), (2)). "Where the non-moving

party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment." ***Truax v. Roulhac***, 126 A.3d 991, 997 (Pa. Super. 2015), ***appeal denied***, 129 A.3d 1244 (Pa. 2015) (citation and quotation omitted). "Further, failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." ***Id.*** (citation and internal quotation marks omitted). "If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied." ***Id.*** (citation and quotation omitted).

In order to prove medical malpractice, Pennsylvania law requires a plaintiff in a medical negligence action to produce expert testimony regarding duty, standard of care, breach of duty, causation, and damages. ***Grossman v. Barke***, 868 A.2d 561, 566 (Pa. Super. 2005). Pa.R.C.P. No. 4003.5(c) states that "the direct testimony of [plaintiff's] expert at the trial may not be inconsistent with or go beyond the fair scope of the [expert's report]." Pa.R.C.P. No. 4003.5(c); ***see also Stalsitz v. Allentown Hosp.***, 814 A.2d 766, 770 (Pa. Super. 2002). A medical malpractice plaintiff is relieved of his burden to provide a medical expert who will testify only if he can prove "that he has been injured by a casualty of a sort that normally would not have occurred in the absence of the defendant's negligence."

*Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1071 (Pa. 2006).

On July 31, 2014, the trial court issued a Case Management Order establishing November 2, 2015, as the deadline for production of expert reports. Appellant does not dispute that he failed to comply with this production deadline, and did not request an extension of time to comply until more than two months later, when responding to Appellee's Motion for Summary Judgment. Appellant concedes that he did not actually provide Appellee with an expert report for another month—on February 12, 2016—after the court had already granted summary judgment.

The instant matter arises from Appellant's allegations that Appellee improperly provided skilled medical and nursing services. As such, Appellant was required to provide expert testimony regarding duty, standard of care, breach of duty, causation, and damages. Because Appellant failed to timely produce an expert report, he is unable to make out a *prima facie* case of medical negligence and there are no genuine issues of material fact as to any of the elements necessary to establish a *prima facie* claim of medical negligence.

Moreover, because a medical negligence plaintiff's expert witness may only testify at trial to matters within the scope of her report, and Appellant did not timely produce an expert report or timely petition the court for an extension of time to produce an expert report, the trial court correctly

concluded that Appellant would be precluded from "calling any expert at trial to testify as to any claims" against Appellee. Trial Ct. Op. at 6. Accordingly, the trial court did not err in granting Appellee's Motion for Summary Judgment.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017