Jeffrey **ANTONIOTTI** and Karen Antoniotti, His Wife, Appellants,

v.

Thomas C. **ECKELS**, as an Individual and T/D/B/A Eckels Fishing & Hunting, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 30, 2003.

Filed Dec. 31, 2003.

Mark E. Milsop, Pittsburgh, for appellants.

Gary M. Scoulos, Pittsburgh, for appellee.

Before: FORD ELLIOTT, MUSMANNO, and LALLY–GREEN, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellants, Jeffrey and Karen Antoniotti, appeal from the judgment entered on January 30, 2003. We reverse and remand.

¶ 2 The trial court found the following facts:

The instant case arose as the result of an automobile collision occurring on November 22, 1996, in Neshannock Township, Lawrence County. Plaintiffs alleged that they were passengers in an automobile driven by Lajena Solomon (Additional Defendant) and were allegedly injured in a collision between the Solomon vehicle and the vehicle driven by Defendant Thomas C. Eckels.

The action was commenced by the Antoniottis against Thomas Eckels t/d/b/a Eckels Fishing and Hunting. Eckels then joined Lajena Solomon as an Additional Defendant, contending that the collision was caused by her negligence by, among other things, failing to use her right turn signal. Lajena Solomon failed to file a response to the Complaint joining her as an Additional Defendant.

This case was called for trial on September 16, 2002, with the Additional Defendant failing to appear. Upon conclusion of the trial, the jury returned a verdict solely against the Additional Defendant in the amount of $2,650.00. Plaintiffs then timely filed a Motion for Post–Trial Relief, alleging that the Court erred by allowing the jury to consider the admissions in the Complaint to Join as fact, as well as other alleged errors. Plaintiffs' Post–Trial Motion was deemed denied by operation of law on February 5, 2003, as the Prothonotary entered judgment pursuant to a Praecipe filed by Defendant Eckels under Pa.R.C.P. 227.4(1)(b).

Plaintiffs have filed a timely appeal to the Superior Court from the entry of Judgment. Plaintiffs assert in their Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P.1925(b), that the Court erred by not allowing Plaintiffs to establish that Defendant Eckels was negligent in disregarding Additional Defendant's right turn signal regardless of whether or not the Additional Defendant "admitted" that the turn signal was not on, thereby warranting the granting of a new trial.

Trial Court opinion, 3/12/03, at 2–3.

¶ 3 Appellants raise the following issues for our review:

    1. Whether or not the Trial Court erred, warranting the grant of a new trial, where the Trial Court foreclosed Plaintiffs from arguing contrary to facts which were admitted, by an Additional Defendant (by default) where evidence to the contrary had been introduced by Plaintiff and where:

    a. The trial Court's ruling is not supported by the rules of Civil Procedure; and

    b. The Trial Court's reading of the Rules of Civil Procedure would render them unconstitutional?

Appellant's Brief, at 3.

¶ 4 Our standard of review is well settled:

This Court will not reverse a trial court's decision regarding the grant or refusal of a new trial absent an abuse of discretion or an error of law.... Further, if the basis of the request for a new trial is the trial court's rulings on evidence, then such rulings must be shown to have been not only erroneous but also harmful to the complaining party. Evidentiary rulings which did not affect the verdict will not provide a basis for disturbing the jury's judgment.

*Yacoub v. Lehigh Valley Med. Assocs., P.C.,* 805 A.2d 579, 586 (Pa.Super.2002) (*en banc*).

¶ 5 Our Supreme Court has made clear that our review should involve a two-step process:

Each review of a challenge to a new trial order must begin with an analysis of the underlying conduct or omission by the trial court that formed the basis for the motion. There is a two-step process that a trial court must follow when responding to a request for new trial... First, the trial court must decide whether one or more mistakes occurred at trial. These mistakes might involve factual, legal, or discretionary matters. Second, if the trial court concludes that

a mistake (or mistakes) occurred, it must determine whether the mistake was a sufficient basis for granting a new trial... The harmless error doctrine underlies every decision to grant or deny a new trial. A new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake.

*Harman v. Borah*, 562 Pa. 455, 756 A.2d 1116, 1122 (2000). Thus, we consider whether the trial court made an erroneous ruling and, if so, whether the mistake constituted harmless error or whether Appellants suffered any prejudice. *Yacoub; Harman.* We will not reverse an order denying a new trial unless the trial court committed an error of law that controlled the outcome of the case. *Coward v. Owens–Corning Fiberglas Corp.*, 729 A.2d 614, 624 (Pa.Super.1999).

¶ 6 Appellants first argue that the trial court erred in holding that the admissions by default of an additional defendant are binding against the plaintiff. Pa. R.C.P. 2255(c) provides as follows[1]:

> No judgment on the pleadings may be entered in favor of any party against an additional defendant for failure to answer the complaint of the party joining the additional defendant, but all allegations of fact in such complaint to which an answer is required and which are not sufficiently answered shall be conclusive upon **the additional defendant.**

(emphasis supplied).

¶ 7 The plain language of the rule provides that facts alleged against an additional defendant are conclusive as against

the additional defendant. Nothing in the language of the rule, however, supports the trial court's conclusion that an additional defendant's admissions by default are conclusive on all other parties to the litigation. Our rules of statutory construction provide that when the words of a statute are clear and unambiguous, those words may not be disregarded. 1 Pa. C.S.A. § 1921(b). Thus, the trial court's interpretation of the language of Rule 2255(c) is in error, inasmuch as the trial court appears to have disregarded the phrase "upon the additional defendant."

¶ 8 The trial court's ruling also is inconsistent with this Court's precedent. In *Hawthorne v. Dravo Corp.*, 352 Pa.Super. 359, 508 A.2d 298, 305 (1986), the trial court allowed Hawthorne to read into the record an allegation from Dravo's complaint against the additional defendant. The trial court then allowed Hawthorne to use Dravo's admission to impeach the testimony of a non-party witness whose testimony conflicted with Dravo's admission. *Id.* This Court held that the trial court erred in allowing the plaintiff to impeach the non-party witness with Dravo's admission. *Id.* This Court reasoned:

> We agree with Dravo that the trial court was incorrect when it permitted an averment in Dravo's complaint against the additional defendant to be used to impeach a non-party witness who had no responsibility for the averments in the complaint.

*Id.*

¶ 9 In *Durkin v. Equine Clinics, Inc.*, 376 Pa.Super. 557, 546 A.2d 665 (1988), this Court considered the circumstances under which one party may become bound

---

**1.** The rules governing joinder of additional defendants are set forth at Pa.R.C.P. 2251 through 2274. Rules 2252 and 2253 govern the right to join and procedure for joining

additional defendants. Rule 2255, which is quoted in part in the main text, governs the procedure to be followed after a party properly joins an additional defendant.

by the admissions of a third person. There, one party argued that the other was bound in a second trial by the admissions of one of its witnesses made at the first trial. This Court held:

The statements of a third person may be considered the admissions of a party if they are bound to that party because of agency, joint or common interest, or having vouched for their credibility and impliedly asserted that fact by calling the third person as a witness.

*Id.* at 670.

¶ 10 The *Durkin* Court cited the Black's Law Dictionary definition of "admission":

Confessions, concessions or voluntary acknowledgements *made by a party* of the existence of certain facts. More accurately regarded, they are the statements by a party, *or someone identified with him in legal interest,* of the existence of a fact which is relevant to the cause of his adversary.

*Id.* (emphasis in original). Taken together, *Hawthorne* and *Durkin* establish that admissions become conclusive as against the party who is responsible for them, and also against anyone sufficiently identified in legal interest with that party.

¶ 11 In Appellants' case, Appellants did not share identity of legal interests with the Additional Defendant, against whom the jury awarded a verdict. Thus, the trial court erred when it held that the Additional Defendant's admissions are conclusive as against all parties.

■ ¶ 12 Next, we address whether the trial court's error was harmless. *Yacoub; Harman.* The record reflects that the Additional Defendant's use or failure to use her right turn signal was a major point of dispute in this case. Indeed, the Additional Defendant's use of her right turn signal would constitute evidence that the Defendant was negligent in attempting to

pass the Additional Defendant's car on the right. Appellants were in the car with the Additional Defendant and, thus, were in a position to have independent knowledge of whether the turn signal was on. Appellants testified at trial that Additional Defendant did in fact use her turn signal. Nonetheless, the trial court held that the Additional Defendant, by virtue of her default, judicially admitted that she did not use her turn signal. The trial court further held that this admission bound the other parties to the litigation. Under the circumstances, we conclude that the trial court error resulted in substantial prejudice to Appellants. *Yacoub; Harman; Coward.*

¶ 13 The trial court relied on *Milan v. Commonwealth,* 153 Pa.Cmwlth. 276, 620 A.2d 721, 723 (1993). In *Milan,* the Commonwealth Court noted that an additional defendant who did not respond to the complaint against him was deemed to have admitted certain matters. These admissions were introduced to the jury as "binding and conclusive" with regard to the additional defendant. Milan fails to reflect that either party challenged the trial court's ruling on that issue, or that either party had evidence that conflicted with the facts deemed admitted. Thus, *Milan* is not instructive.

■ ¶ 14 Appellees argue that, in the event of a new trial, the new trial should be limited to liability only. "The normal practice in granting a new trial is to grant it generally against all parties on all issues. Where the issues are interwoven and cannot be separated without injustice to one of the parties, the other party should not be permitted to select for retrial the issues decided against him and upon the rehearing treat those issues decided in his favor as settled." *Jara v. Rexworks, Inc.,* 718 A.2d 788, 794 (Pa.Super.1998). This Court is not in a position to speculate whether

Appellants' testimony that the Additional Defendant used her turn signal, if believed, would have impacted the damages verdict. Therefore, we see no reason to depart from the general rule in this case and the remand is for a new trial on all issues as to all parties.

¶ 15 Finally, the trial court noted that Appellants should have avoided these problems by moving for a severance of the trial. It appears from the record that the trial court raised this issue *sua sponte* in its 1925(a) opinion. Neither party ever addressed it prior to their appellate briefs. Thus, the issue is not properly before us.

¶ 16 Judgment reversed. Case remanded for new trial. Jurisdiction relinquished.