J-A24012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AMMAR ALKOZBARI AND LINA ALKOZBARI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2579 EDA 2022 |
| PATRICIA WANASELJA AND ERIK WANASELJA | : | |

Appeal from the Order Entered September 29, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  190607483

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 30, 2024**

Appellant, Ammar Alkozbari, and his wife, Lina Alkozbari,[1] appeal from the judgment entered in this motor vehicle case on September 29, 2022 in the Court of Common Pleas of Philadelphia County after a jury returned a verdict in favor of Appellee, Patricia Wanaselja.  Appellant contends the trial court abused its discretion by denying his post-trial motion because the verdict was against the weight of the evidence.  Appellant also asserts two evidentiary errors.  Following review, we affirm.

In its Rule 1925(a) opinion, the trial court detailed the underlying facts of this case and the testimony presented at trial.  **See** Rule 1925(a) Opinion,

---

[1] Although Ms. Alkozbari is an appellant in this action, for the sake of clarity, we refer to Mr. Alkozbari only as "Appellant" herein.

1/20/23, at 1-5. Briefly, this case arises from a March 4, 2018 motor vehicle accident between vehicles operated by Mr. Alkozbari ("Appellant") and Ms. Wanaselja ("Appellee"). Appellant was driving on Vine Street in Center City when a Honda Pilot operated by Appellee ran a red light, striking the driver's side door of Appellant's Jeep Grand Cherokee. That initial impact was followed by Appellee's Honda striking Appellant's Jeep a second time, this time on the rear driver's side. The collision, which resulted in Appellant's airbags being deployed and both vehicles being "totaled," was caused by Appellee's negligence, which she admitted.

An ambulance arrived at the scene, but Appellant declined transport as well as treatment at that time. Appellant's passenger was not injured. Appellee testified that neither she nor any of her five passengers were injured. She said that Appellant mentioned twice that he was "fine" but that his hands hurt. Notes of Testimony, Trial ("N.T."), 5/9/22, at 103.

Three days after the accident, Appellant consulted a chiropractor at the suggestion of his nephew, who is an attorney. He began chiropractic treatments that continued over a several-month period, interrupted by travel to Syria following the death of a family member. MRIs of Appellant's cervical and lumbar spines performed on September 11, 2018 revealed herniations in both areas of his spine. Therapeutic injections were suggested but Appellant opted not to have them, citing, *inter alia*, fear of needles. Appellant did not seek treatment beyond September 2018.

Appellant and his wife initiated this action by complaint filed on June 28, 2019. Following discovery, the case proceeded to trial on May 9, 2022. Appellant testified as to the neck and back injuries he sustained in the accident and the impact those injuries have had on him. Medical experts for both sides testified, with Appellant's experts contending that the accident caused Appellant's neck and back injuries as well as headaches, and Appellee's experts asserting that Appellant was not injured in the accident. Appellee's experts offered their opinions that the herniations/disc bulges on Appellant's MRIs were solely degenerative in nature.

The verdict slip provided to the jurors indicated that Appellee's negligence was the cause of the accident. As the court instructed the jurors:

> I want to remind you that both sides here agree that [Appellee] in this case was negligent and caused this accident to happen. The parties disagree, however, on the extent of [Appellant's] harm caused by this negligence. You must decide the extent of harm [Appellee's] negligence caused and then return a verdict that fully compensates [Appellant] for the harm he suffered.

N.T., 5/9/22, at 148.[2]

The jury began its deliberations at the end of the day on May 9, 2022 and continued those deliberations on May 10, 2022. During their morning deliberations on May 10, the jurors raised four questions, which will be discussed below in the context of Appellant's first issue. At 1:46 p.m., the

_____

[2] The second question on the verdict slip asked if the jurors found Appellee's negligence "was a factual cause of the injuries" to Appellant. N.T., 5/9/22, at 155.

jury returned to the courtroom with the following "question": "Vote has been the same for past four hours. Excellent civil dialogue but no minds have been changed." N.T., 5/10/22, at 6. The trial court appropriately admonished the jurors "to try once more" and reminded them that the "agreement" of the jurors required only ten of the twelve to agree on a verdict. *Id.* at 7-9. *See Kreider v. Wellenbach*, 619 A.2d 319, 322 (Pa. Super. 1993) (the trial judge may admonish jury on importance of agreeing on verdict). Approximately one hour later, the jurors returned with their verdict, finding that Appellee's negligence was not a factual cause of Appellant's injuries. N.T., 5/10/22, at 11-12.

Appellant filed a post-trial motion, which the trial court denied by order entered September 29, 2022. This timely appeal followed. Appellant and the trial court both complied with Pa.R.A.P. 1925.[3]

Appellant presents three issues for our consideration:

A. Whether the trial court abused [its] discretion by not granting Appellant/Alkozbari's post trial motion for a new trial because [the] jury's verdict of zero damages is against the weight of the evidence based on the jury's questions about (1) when the claim was brought and (2) when the "determination" of negligence [was] made, evidence a lack of comprehension or a refusal to accept the stipulation of liability in light of the objective evidence of a violent collision with air bag deployment, significant property damage, complaints of injury at the accident scene, uncontradicted evidence of a closed head

---

[3] We remind counsel for Appellant that a copy of an appellant's Rule 1925(b) statement of errors complained of on appeal is to be attached to the appellant's brief. Pa.R.A.P. 2111(a)(11).

injury[4] and uncontroverted chiropractic care such that a 51 year old man with degenerative disc disease would not suffer aggravation of his condition or any injury under these circumstances is inconsistent with normal everyday experience and is against the weight of the evidence?

B. Whether the trial court erred as a matter of law by allowing [Appellee] over [Appellant's] objection to argue that because no one else was allegedly injured in this collision [Appellant] must not have been injured either?

C. Whether the trial court erred as a matter of law by preventing [Appellant] from arguing that the Defense Exhibit 3 and Defense Exhibit 4 were unworthy of belief based upon the contents of those records?

Appellant's Brief at 4 (some unnecessary capitalization omitted).

In his first issue, Appellant asserts that the trial court abused its discretion by denying his post-trial motion for a new trial because, he contends, the verdict was against the weight of the evidence. In *Rissi v. Cappella*, 918 A.2d 131 (Pa. Super. 2007), we reiterated:

[O]ur scope of review on a weight of the evidence claim is very limited. We will respect the trial court's findings with regard to credibility and weight of the evidence unless it can be shown that the lower court's determination was manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence.

_____

[4] In its Rule 1925(a) opinion, the trial court stated:

Of note is that Appellant claims . . . that there was "uncontradicted evidence of a closed head injury." The only evidence concerning Appellant's head were his complaints of headaches. If that is what Appellant claims to equate to a "closed head injury," Appellant is grossly mistaken."

Rule 1925(a) Opinion, 1/20/23, at 9 (citing Appellant's Rule 1925(b) statement).

- 5 -

*Id.* at 140 (quoting *Hollock v. Erie Ins. Exchange*, 842 A.2d 409, 417 (Pa. Super. 2004)). In *In re M.B.*, 228 A.3d 555 (Pa. Super. 2020), this Court quoted the principles governing a weight of the evidence claim as stated by our Supreme Court in *Commonwealth v. Clay*, 64 A.3d 1049 (Pa. 2013). There, the Court explained:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. . . . It has often been stated that a new trial should be awarded when the [factfinder's] verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.

*In re M.B.*, 228 A.3d at 566 (quoting *Clay*, 64 A.3d at 1054-55) (internal citations, quotations, and emphasis omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence[.]" *Id.* (quoting *Clay*, 64 A.3d at 1055).

The gist of Appellant's weight of evidence argument is that the collision was violent; that Appellant complained of injuries at the scene and received chiropractic treatment for injuries that his experts attributed to the accident; and that the jurors asked questions evidencing their continued focus on a determination of negligence and the timeline relating to Appellant bringing his claim. He contends the jury's return of a verdict of "zero damages" reflects that the jury was corrupted and that its verdict was against the weight of the evidence. *See* Appellant's Brief at 12; 15-22.[5]

The trial court rejected Appellant's assertions, noting:

> Appellant argues that the court should now interpret [the jurors'] questions and find that they show a lack of comprehension or a refusal by the jury to accept the stipulation to liability. The concept that the court should, post-trial, engage in speculation into the minds of the jurors and guess at what precipitated their questions during trial is completely misguided. The questions were relevant and the court's responses [were] agreed to by all counsel. Furthermore, this jury was properly instructed that the issues raised in the questions were not for their consideration. Appellant had no objection to the court's response. Notably, the question as to negligence was pre-filled on the verdict sheet, therefore the first and only question for the jury's consideration was whether the accident was the factual cause of injury to the Appellant. There was no indication that the jury did not accept the Appellee's stipulated negligence.

Rule 1925(a) Opinion, 1/20/23, at 7-8 (some capitalization omitted).

---

[5] Although Appellant characterizes the verdict as "zero damages," the jury did not reach the issue of damages, having concluded that Appellee's admitted negligence was not the factual cause of injuries to Appellant.

The trial court also acknowledged Appellant's claim that facts elicited during trial support his weight of evidence argument. Specifically, Appellant highlights the violence of the collision, with airbag deployment; the property damage; and testimony relating to his injuries reported at the scene and as evaluated by his experts. However, as this Court has recognized:

> It is well-settled in Pennsylvania that the weight of the evidence and the credibility of witnesses are issues for the jury who is free to believe some, all, or none of the evidence presented. ***Nelson v. Hines***, 653 A.2d 634, 637 (Pa. 1995). A jury cannot ignore an obvious injury, but an expert's opinion does not turn the assertion into an indisputable fact.

***Odato v. Fullen***, 848 A.2d 964, 966-67 (Pa. Super. 2004) (citation omitted).

Recognizing that the jury was free to consider the factors Appellant highlights regarding the accident and his injuries, the trial court also noted, *inter alia*, Appellant's refusal of treatment at the scene and the lack of any medical care or consultation in the first three days after the accident; Appellant's decision not to follow the recommendation to have injections to alleviate pain; Appellant's contradictory and inconsistent testimony regarding his injuries, including headaches; the questionable testimony regarding his work and family activities before and after the accident; and the lack of any evidence of lost income or additional expenses relating to securing employees he claimed he hired. Rule 1925(a) Opinion, 1/20/23, at 8-10.

The trial court reiterated that the jury "was free to believe all, some or none of the evidence," and concluded that "it did not shock [the court's] conscience that the jury found that the accident was not the factual cause of

Appellant's injuries." *Id.* at 10. Appellant has not shown that the trial court's determination was "manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence." *Rissi*, 918 A.2d at 140 (citation omitted).

As this Court has stated, "If there is any support in the record for the trial court's decision to deny the appellant's motion for a new trial based on weight of the evidence, then we must affirm. An appellant is not entitled to a new trial where the evidence presented was conflicting and the fact-finder could have decided in favor of either party." *Corvin v. Tihansky*, 184 A.3d 986, 992-93 (Pa. Super. 2018) (citation omitted). Because there is support in the record for the trial court's denial of Appellant's weight of the evidence argument in this case, and because this was a case in which conflicting evidence was presented such that the jury could have decided in favor of either party, we shall not disturb the trial court's determination. Appellant's weight of the evidence claim fails.

In his second and third issues, Appellant challenges evidentiary rulings made by the trial court, claiming that the court committed "error of law" by allowing Appellee to argue that Appellant was the only one injured among the eight passengers/drivers and by refusing to allow Appellant to argue the contents of medical records offered into evidence. We first note that, "[g]enerally, our standard of review of a trial court's evidentiary ruling is whether the trial court abused its discretion." *Schroeder v. Jaquiss*, 861 A.2d 885, 889 n.8 (Pa. 2004) (citing *Zieber v. Bogert*, 773 A.2d 758, 760

n. 3 (Pa. 2001)).[6]  "[If] the evidentiary ruling at issue turns on a question of law, however, our review is plenary."  *Id.*

In his second issue, Appellant complains that the trial court allowed Appellee's counsel to argue, during her closing argument, that "because no one else was allegedly injured in this collision [Appellant] must not have been injured."  Appellant's Brief at 4.

The transcript reveals the following exchange:

APPELLEE'S COUNSEL: Eight people, ladies and gentlemen, eight people were involved in this motor vehicle [*sic*].  There's no evidence at all that seven of them suffered any injury - -

APPELLANT'S COUNSEL: Objection, Your Honor.

THE COURT: Overruled.

APPELLEE'S COUNSEL: Suffered any injury as a result of this accident.

N.T., 5/9/22, at 130.

Counsel continued, addressing the burden of proof and offering the scales of justice analogy concerning weighing the evidence to determine whether *Appellant* sustained injuries in the accident.  *Id.* at 130-31.  Counsel then noted the fact there was video of the accident that was shown to the jury.  Counsel stated:

---

[6] Although Appellant provided the scope and standard of review for the weight of the evidence claim presented in his first issue, **see** Appellant's Brief at 3, he did not include the scope and standard applicable to his second and third issues that challenged evidentiary rulings.

- 10 -

> You got to see – a lot of times we don't have video of the accident, so you did get to see that. You did get to see what happened. Everybody was able to get out of their vehicles. Everybody was able to walk around the scene. They went into a church. They came back out. An ambulance arrived. [Appellant] didn't have any treatment from the ambulance[.]

*Id.* at 131-32. At no time during the remainder of counsel's closing argument did counsel refer to the other driver or to the occupants of the two cars or "argue" that because the others did not suffer any injury, Appellant must not have either. Importantly, prior to both counsel offering closing arguments, the trial court reminded the jurors, "As I said to you, the lawyer's arguments are not part of the evidence, but they certainly are important, so please pay careful attention to everything they have to say." *Id.* at 109-10.[7]

In its Rule 1925(a) opinion, the trial court addressed Appellant's contention with regard to the statements made by Appellee's counsel and indicated that "this was an accurate summary of the testimony given by the parties, much of which was elicited by Appellant's counsel. Appellant testified on direct exam that after the accident, he made sure that his passenger was not hurt and then confirmed that neither Appellee nor any of her five (5) passengers were hurt." Rule 1925(a) Opinion, 1/20/23, at 10-11 (citing N.T., 5/9/22, at 35-36). The court also noted that, "on cross-examination of Appellee, Appellant's counsel specifically asked Appellee, 'So, it is your

---

[7] In opening remarks to the jury, the court had explained, "Statements by the lawyers are not evidence, not their opening statements, not their closing arguments." *Id.* at 11.

- 11 -

position here that because you weren't injured, [Appellant] must not have been injured either?'" *Id.* at 11 (quoting N.T., 5/9/22, at 108). Appellee responded, saying, "I have never said that." *Id.*

The trial court concluded that Appellant's claim was without merit, noting that "[s]ufficient testimony was introduced to support Appellee's counsel's statement during her closing argument. Moreover, Appellant did not request that the remarks be stricken nor that the court issue a curative instruction. Appellee's counsel was suggesting that the jury make an inference from properly admitted testimony." *Id.* at 12. We agree. We find no abuse of discretion on the part of the trial court for not granting a new trial based on comments made by Appellee's counsel during closing argument. As this Court reiterated in *Hyrcza v. West Penn Allegheny Health Sys., Inc.*, 978 A.2d 961 (Pa. Super. 2009), "Regarding statements during opening and closing arguments, our Supreme Court has held that 'so long as no liberties are taken with the evidence, a lawyer is free to draw such inferences as he wishes from the testimony and to present his case in the light most suited to advance his cause and win a verdict in the jury box.'" *Id.* at 977 (quoting *Wagner v. Anzon, Inc.*, 684 A.2d 570, 578 (Pa. Super. 1996) (in turn quoting *Contractors Lumber and Supply Company v. Quinette*, 126 A.2d 442, 444 (Pa. 1956)). Appellant's second claim fails.

In his third issue, Appellant argues that the trial court erred when it prevented Appellant from arguing that two defense exhibits, Exhibits 3 and 4,

were unworthy of belief based on the contents of those records. Those exhibits were records regarding Appellant's visits with his family doctor on June 18 and June 28, 2018. Again, the accident in question occurred on March 4, 2018. In neither record was there any mention of Appellant being involved in or injured in a motor vehicle accident. His counsel attempted to highlight entries in the records to discredit them, *e.g.*, the fact Appellant was referred to as "she" at one point in the record and that the records reflected a supposed six-pound weight change in ten days.

Appellee's counsel objected, contending Appellant's counsel was arguing facts not in evidence. N.T., 5/9/22, at 122. The court commented that counsel could not "just read from a medical report if neither expert, nor your client, testified to it." **Id.** The court called for a sidebar conference during which Appellant's counsel noted her belief that she could read from the records because they were offered into evidence. The court responded, "No, not unless somebody has questioned a witness with the document regarding what you're trying to tell the jury. No one has testified to this. You're talking about weight." Counsel responded, "Well, I was showing the change in the two. I'll take care – I will follow your instruction, Your Honor." **Id.** Counsel then resumed her closing argument without objection to the court's ruling or further mention of the June 2018 medical records.

As the trial court correctly observed in its Rule 1925(a) opinion, "In order to preserve an issue for appellate review, a timely, specific objection

must be made on the record. Issues that are not preserved by specific objection in the lower court are waived." Trial Court Rule 1925(a) Opinion, 1/20/23, at 13 (citing **Jones v. Ott**, 191 A.3d 782, 787 (Pa. 2018) (to preserve issue for appellate review, litigant must place timely, specific objection on the record)). "Issues that are not preserved by specific objection in the lower court are waived." **Jones**, 191 A.3d at 787 (citing, *inter alia*, Pa.R.A.P. 302(a)). Here, no objection was lodged. Therefore, the issue is waived.

As the trial court recognizes, even if not waived, Appellant's assertion would not entitle him to relief because to warrant a new trial based on an evidentiary ruling, the ruling "must not only be in error, but also must be harmful to the complaining party." Trial Court Rule 1925(a) Opinion, 1/20/23, at 13 (citing **Antoniotti v. Eckels**, 840 A.2d 1013, 1015-16 (Pa. Super. 2003)).

While Appellee agrees with the trial court's conclusion that this issue is waived, Appellee nevertheless offers seven substantive bases for rejecting Appellant's argument. Appellee's Brief at 40-45. For instance, the court's ruling did not prevent any party or witness from discussing Defense Exhibits 3 or 4 at trial. Moreover, counsel's comments were not stricken from the record. Therefore, the jury was able to hear and consider counsel's argument, defeating a claim of prejudice. Again, as the trial court reminded the jury, statements in closing argument are not evidence. Further, a trial court has

discretion to limit an attorney's comments during closing argument. *Id.* at 42-43 (citing **Commonwealth v. Jermyn**, 533 A.2d 74, 80 (Pa. 1987)). **See also Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 885 n.5 (Pa. Super. 2019) (trial court has great discretion in limiting closing arguments). "[I]t was certainly within the court's discretion to prevent counsel from conjecturing about medical records that were never discussed in front of the jury." Appellant's Brief at 43-44 (quoting Trial Court Rule 1925(a) Opinion, 1/20/23, at 14).

We find no abuse of discretion on the part of the trial court for limiting Appellant's counsel's comments during closing argument. Therefore, even if not waived, Appellant's third issue would fail for lack of merit.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/30/2024